SAMUEL JULIAN *vs.* THE STONY CREEK RED GRANITE COMPANY.

Third Judicial District, New Haven, Jan. Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

It is not error to overrule a demurrer, if the defects pointed out therein have been cured by amendment before the decision is rendered.

Upon a hearing in damages after a default or demurrer overruled, the burden is upon the defendant to go forward with evidence to disprove his negligence, as well as to prove the contributory negligence of the plaintiff.

No reason for correcting the finding exists if the additional facts urged by the appellant would not, if incorporated, affect the conclusion reached by the trial court. Accordingly, where the trial court found that the plaintiff's injury was caused solely by the negligence of the defendant in permitting a derrick to become and remain in a defective and dangerous condition, it was *held* to be immaterial that the finding did not also show that the defendant had exercised due care in the selection of the foreman who had immediate charge of the derrick and that he was qualified for his place.

In preparing a case for this court, upon appeal, counsel should observe the rules laid down in Chapter 194 of the Public Acts of 1897 (p. 888), and thereby avoid unnecessary repetition of statements and of testimony contained in the various papers filed. The proposed finding should set forth the facts claimed, but not the evidence given in support of them. A motion to correct the finding should refer to the numbered paragraphs of the finding and proposed finding, without repeating their language; while similar references should be made in assigning as error the action of the trial judge in finding exceptionable facts or in refusing to find as requested.

Argued January 24th—decided March 30th, 1899.

ACTION to recover damages for personal injuries claimed to have been caused by the defendant's negligence, brought to the Superior Court in New Haven County and heard in damages to the court, *Elmer, J.*, after the defendant's demurrer to the complaint had been overruled by *Roraback, J.*; facts found and judgment rendered for the plaintiff for $600, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

The finding stated the following facts : At the time of the accident alleged in the complaint, the plaintiff was at work by the direction of the defendant in its yard, engaged in stone cutting.   At this time Everett S. Grant was acting as superintendent of the defendant company in Connecticut, was also its secretary and treasurer, and had the management and control of its affairs in this State, subject to the board of directors. The defendant at that time used and for a long time previous had used and operated in its stone-yard in connection with its said business, a derrick for raising and lowering heavy stones, and moving them from place to place.   Said derrick was operated by means of a crank worked by hand, this crank being attached to a shafting geared into a cog-wheel upon a drum, upon which a rope was wound.   The raising or lowering of stones was effected by raising the boom by means of the rope attached to the drum.   This gear from the shaft to the drum was liable to slip out of connection, and in such case the boom would fall.   The only arrangement to prevent this was a clutch or pawl, which consisted of a curved piece of iron resting upon the shaft so as to prevent slipping and disconnection of the gearing.   This clutch or pawl upon this derrick had no weight attached to it, and was broken, so that it was liable to get out of place unless great care was exercised in superintending the operation of the derrick.   The derrick in question was of the kind ordinarily in use for the purposes used by the defendant in this case, and in operation at the time of the accident.   The defendant had in his employ at the time of the accident a foreman or superintendent of the yard, whose duty it was to superintend and supervise the operation of the derrick when in use; he had general

charge and oversight of the derrick, and it was also his duty to inspect the derrick and see that everything connected with the machinery was all right. This superintendent, William W. Kittredge by name, was not a fellow-servant with the plaintiff, but was vice-principal of the defendant. The plaintiff was a stone-cutter in the employ of the latter, and was engaged in cutting stone at the time of the fall of the derrick which occasioned his injury. The said foreman was employed to supervise the derrick, and it was his duty to see to it that it was properly and carefully operated by some competent person. This foreman, and the general manager, knew that the derrick required such care whenever in use. The foreman or superintendent of the derrick neglected to discharge his duty in the premises; and both the defendant and said foreman neglected to take proper precautions in regard to the persons who operated the same. The defendant allowed said derrick to be operated by any of the employees, including ignorant persons of little intelligence or mechanical skill, who happened to be convenient for the purpose. At the time of the accident, or just previous thereto, the defendant and the said foreman failed to inspect the machinery and to see that it was in proper condition. It appeared from the evidence that defendant and its foreman knew of the defective condition of the derrick at the time of the accident, and were greatly negligent in failing to properly superintend the same, and in allowing it to be operated by inexperienced persons; and that the resident manager also knew of these facts. The accident to the plaintiff was caused by the lifting or displacement of the clutch or pawl, in such a way as to allow the gearing to slip, so that the arm of the derrick, just after the lowering of stone, fell and struck the plaintiff. This accident resulted from the neglect of the defendant company in the manner as hereinbefore set forth.

Just previous to the occurrence of the accident, the plaintiff had been working upon a large block of granite. A heavy stone had just been raised by the derrick and moved from one place in the yard to another; and before the arm fell, which occasioned the accident, the stone had been lowered

to the ground, so that no weight rested upon the derrick. When the operation of raising the stone began the plaintiff, together with other men working in the yard, removed to a point beyond the reach of the derrick, and after the stone had been moved and lowered to the ground and the work of the derrick finished, plaintiff returned to his work. He was then located nearly, but not quite, under the line, and about one foot lower than the arm of the derrick; over him was a board used as a shelter from the rays of the sun. For some reason, never explained, the arm of the derrick did not fall during the operation of the latter, but a short time afterwards fell, striking the plaintiff, crushing him against the stone and inflicting the injuries for which this suit was brought.

The falling of the arm of the derrick after the placing of the stone in its place, and the manner of its coming down, was unusual and unexpected by him and other employees at this place, at this time; and from the usual operations of the derrick in doing such work, with which the plaintiff was familiar from observation, he had a right to presume that it was safe for him to return to his work, and was not guilty of contributory negligence in so doing. At the time when the accident occurred the plaintiff knew of the condition of the derrick, but he did not know nor did he anticipate that there was any danger that the derrick would fall, as it did, after the stone had reached the ground and the derrick had ceased operation. The plaintiff was in the exercise of ordinary care, and did not receive warning in time to escape the accident.

The plaintiff during his testimony as a witness, and after he had testified to having been employed in the yard of the defendant from five to seven months, was asked the following question: "During that time how much of the time had Mike been operating the derrick?" To which he replied that he could not say; he did not remember ever seeing him use it once. He was then asked: "Were you in a position so you could see whether he operated, or not?" To which question the defendant objected, as calling for an opinion and conclusion, and not stating his position and what he was doing.

The court admitted the question and the defendant duly excepted. The question was asked by the plaintiff for the purpose of showing that the Mike alluded to, and who was allowed to operate the derrick at the time of the accident, was an ignorant Italian laborer, with little or no mechanical knowledge, and not a proper person to manage a derrick. The fact that he operated the derrick at the time of the accident, and that he had been permitted to operate it before, was admitted by the defendant, and proved by other witnesses subsequently.

It appeared from the testimony that the rope used for raising and lowering the stone at the time of the accident had been placed upon the drum in the wrong manner, but it did not appear from the evidence that the foreman or local superintendent was aware of this fact until after the fall of the arm of the derrick. Neither did it appear that he directed the operation of the derrick at this time, nor that he inspected the machinery of the derrick before it was put in operation.

Upon the testimony of the plaintiff, the defendant claimed and asked the court to find that the plaintiff was guilty of such contributory negligence as precluded him from recovering substantial damage, and also claimed and asked the court to rule that the accident was the result of the negligence of a fellow-servant. The court overruled said claims.

The defendant assigns as reasons of appeal the overruling of its demurrer to the complaint; the ruling of the court that upon the facts found the plaintiff was not guilty of contributory negligence; that the accident was not the result of the negligence of the plaintiff's fellow-servant; the admission of the question to the plaintiff: "Were you in a position so you could see whether he operated it or not?"; and several exceptions to the action of the court in finding and refusing to find certain facts.

At the request of the defendant a part of the evidence was certified by the court and was printed in the record.

*Charles S. Hamilton,* for the appellant (defendant).

*Talcott H. Russell* and *Harry W. Doolittle*, for the appellee (plaintiff).

HALL, J.   The defects in the complaint at the time the defendant's demurrer was filed, were cured by an amendment made before the overruling of the demurrer.   There was no error in the ruling that the complaint was sufficient after such amendment.

The finding of the court states that "the accident to the plaintiff was caused by the lifting or displacement of the clutch or pawl in such a way as to allow the gearing to slip so that the arm of the derrick just after the lowering of the stone fell and struck the plaintiff"; that the purpose of the clutch was to prevent the gear from the shaft to the drum of the derrick from slipping out of connection, and that the clutch had no weight attached to it and was broken and liable to get out of place unless great care was taken in superintending the operation of the derrick.   It appears that the plaintiff knew of the defective condition of the derrick, but the court finds that he did not know or anticipate that there was any danger that the arm would fall after the stone had reached the ground and the derrick was no longer in operation, and that, though familiar from observation with the usual operations of derricks, he had a right to presume after the stone had been deposited in its place that it was safe for him to return to his work, and that he was in the exercise of ordinary care.

This is a hearing in damages and the burden rests upon the defendant to go forward with proof that the injury was not caused by defendant's negligence, and that the plaintiff was guilty of contributory negligence.   The defendant has wholly failed to prove these facts.   On the contrary, the finding shows that the cause of the accident was the negligence of the defendant in permitting the machinery of the derrick to remain in such a defective condition and so out of repair that the arm of the derrick was liable to fall upon the stone-cutters who were required to work under it.   The rule of law making it the duty of the master to exercise reasonable

care to provide for his servant a reasonably safe place in which to work, was clearly violated. The fact that the plaintiff knew of the defective condition of the derrick does not necessarily render him guilty of contributory negligence; and especially since it appears that his knowledge respecting the condition of the derrick and its machinery was not such as to apprise him of any danger in working under it after the stone had been lowered to the ground. *Smithwick v. Hall & Upson Co.*, 59 Conn. 261, 268.

The finding does not show that the accident was the result of the carelessness of a fellow-workman in the management of the derrick. It would seem from the record that the derrick was not being operated at the time the arm fell. The act of negligence described in the finding as the cause of the injury, as we have stated, was the failure of the master to perform its duty.

The fact sought to be proved by the question asked the plaintiff: "Were you in a position so you could see whether he (an Italian laborer called Mike) operated (the derrick) or not?", having been admitted by the defendant, the ruling of the court permitting the question cannot have harmed the defendant. But the fact that the question does not appear to have been answered is a sufficient reason for not considering this assignment of error.

Assuming that the evidence certified to this court shows that it was an undisputed fact that the defendant exercised due care in the selection of the foreman to do the work entrusted to him, and that he was qualified for his occupation, and further assuming, as we think is the case, that whether or not the foreman Kittredge was a vice-principal is in this case a question of law to be determined by the facts found,— there is still no reason for correcting the record in these regards, as such changes, if made, could not affect the fact which is decisive of this case, namely, that the injury was caused by the defective condition of the derrick under which the plaintiff was working.

The defendant is not entitled to the other corrections of the finding asked for.

The record in this case has been very unnecessarily extended by the failure of counsel to observe the rules clearly stated in the Act of 1897 in regard to the character and form of the several documents which may be filed by the appellant in the preparation of an appeal to this court. As a result of such irregular proceeding we have between six and seven pages of the testimony of one witness repeated four times in this record: first in the defendant's request for a finding, again in the motion for correction, again in Exhibit B certified by the court, and again in the appeal. In only one of these instruments was it proper to set forth this evidence, namely, in Exhibit B.

Under § 9 of the Act of 1897, the facts claimed to have been proven, and not the evidence by which such facts are claimed to have been proven, may be incorporated in the draft of the proposed finding. The finding and the proposed finding may, of course, contain such a statement of the questions to witnesses and their answers as is necessary to properly present the rulings of the court upon questions of evidence.

As the statute requires the paragraphs both of the finding and of the proposed finding to be numbered, a motion to correct by adding certain paragraphs of the proposed finding, or by striking out certain paragraphs of the finding of the judge, should refer to such paragraphs by number, without repeating the language of the paragraphs, unless it becomes necessary to do so when only a part of a paragraph is referred to. Such repetition of a part of the language of a paragraph ought not often to be required, since each paragraph should contain "as nearly as may be, a separate allegation."

One of the defendant's reasons of appeal is as follows: "The court erred in refusing to find as set forth in paragraphs 13 and 14 of the defendant's request for a finding, to wit, in refusing to find as follows." Then follows the language of these paragraphs including the six or seven pages of evidence before referred to, and the full benefit of which the defendant has already received by Exhibit B, certified by the court at the defendant's request and made a part of the record.

When a party appeals from any finding of fact, or refusal to find any fact as requested, he should, under § 10 of the Act of 1897, assign as reasons of appeal the exceptions which under § 9 he has annexed to his motion to correct the finding, without repeating in his reasons of appeal the language of the paragraphs which it is desired to have added to or stricken from the finding. Section 9 provides a form of exception, in which the paragraphs of the finding or request for finding are referred to by number. The assignment of such exceptions or reasons of appeal should be made in the same manner; that is, the appellant should assign as a reason of appeal the finding of the court as stated in paragraph No.   of the finding, or the refusal of the court to find as requested in paragraph No.   of the appellant's request for a finding.

There is no error.

In this opinion the other judges concurred.