MARY NOGGA vs. THE SAVINGS BANK OF ANSONIA.

Third Judicial District, Bridgeport, October Term, 1906.

BALDWIN, HAMERSLEY, HALL, PRENTICE and THAYER, Js.

The burden of proving a gift, either *inter vivos* or *causa mortis*, rests upon the party claiming it.

The delivery of a savings-bank deposit book which is not made in contemplation of the conceived approach of death is not a valid gift *causa mortis;* nor can it operate as a gift *inter vivos* if there is no intention on the part of the owner of the book to make one.

This court will not undertake to correct the finding if the record discloses evidence upon which the trial court could have reasonably based its conclusions.

Argued October 31st—decided December 18th, 1906.

ACTION to recover the amount of a savings-bank deposit alleged to have been given to the plaintiff by the depositor prior to his decease, brought to and tried by the Court of Common Pleas in New Haven County, *Bennett, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

*Denis T. Walsh,* for the appellant (plaintiff).

*James H. Webb,* for the appellee (defendant).

PRENTICE, J.   The plaintiff is the possessor of a savings-bank book representing a deposit in the defendant bank made by and in the name of her late husband.   She has unsuccessfully demanded, and is now suing to recover, the amount of that deposit.   She founds her claim upon an alleged gift, either *inter vivos* or *causa mortis*, from her said husband during his last sickness.   The burden of establishing such a gift rests of course upon her.   The trial court has found that she has satisfied this burden in so far as establishing a delivery of the book by the deceased to the plaintiff at the time specified, and an acceptance of it by her.   It has, however, found upon the evidence, that this delivery was not made by the husband in contemplation of the conceived approach of death, and that it was not made by him with the intention on his part to make a gift to the plaintiff.   These latter conclusions of fact, if they are to stand, render the court's judgment adverse to the plaintiff the inevitable one.   *Camp's Appeal*, 36 Conn. 88, 92; *Raymond* v. *Sellick*, 10 id. 480, 484.

The plaintiff, however, insists that neither of these two conclusions is justified by the evidence which is before us under § 797 of the General Statutes, and we are asked to correct the finding so that it shall express diametrically opposite conclusions.   This we cannot do, unless it appears that the facts stated were found without evidence.   An examination of the record discloses that there was evidence from which the court could have reasonably made the deductions which it did make.

Other considerations urged by the defendant in support of the judgment need not be considered.

There is no error.

In this opinion the other judges concurred.