BARNETT DAVIDSON *vs.* THE MAX RIPPS COMPANY.

Third Judicial District, Bridgeport, April Term, 1912.

PRENTICE, THAYER, RORABACK, GEORGE W. WHEELER and RALPH
WHEELER, Js.

Two days after the finding was refiled, the defendant commenced an appeal under General Statutes, §§ 795, 796, which was never perfected, and was withdrawn eleven days thereafter, on defendant's

Davidson v. Ripps Co.

motion granted by the trial court. Four days after the finding was refiled, the present appeal was begun and perfected under § 797 of the General Statutes. *Held* that the mere attempt to take the first appeal, which was not perfected, did not affect the jurisdiction of the trial court; and the motion to withdraw the proceedings first commenced having been granted, the case then stood in the court below as if the attempted appeal had not been made.

An assignment of error directed to the rulings or action of the trial court should specify the particular part questioned.

An appellant may, in a motion to correct the finding, refer to paragraphs of the finding, or request to find, by number without repeating the language thereof.

The evidence in the present case reviewed, and no such preponderance found to appear in favor of the defendant as to indicate that the conclusion reached by the trial court was erroneous.

The judgment of the trial court must be affirmed, if there is sufficient evidence to sustain it, although there may be other evidence of a contradictory nature, it not being within the province of this court to weigh conflicting testimony presented as in the present case.

Argued April 10th—decided June 13th, 1912.

ACTION to recover for merchandise alleged to have been sold by the plaintiff to the defendant, brought to and tried by the Court of Common Pleas in New Haven County, *Wolfe, J.;* facts found and judgment rendered for the plaintiff for $500, and appeal by the defendant. *No error.*

*Benjamin Slade* and *Spotswood D. Bowers,* for the appellant (defendant).

*Barnett Berman,* for the appellee (plaintiff).

RORABACK, J. It was found by the trial court that upon the 20th of December, 1910, the plaintiff sold and delivered to the defendant company certain articles of merchandise of the price and value of $486, which sum has never been paid. One reason of appeal alleges that these conclusions are not justified by the evidence be-

fore us. The remaining reasons of appeal are upon alleged errors in finding certain material facts and in refusing to find other facts. The latter is claimed to be based on § 797 of the General Statutes, which provides that, in lieu of a motion to correct the finding, the evidence and rulings may, within one week after the filing of the finding, be filed and certified, and the claims for correction therein may be set forth in the assignments of error on appeal.

The record discloses that the finding made by the Court of Common Pleas was filed January 11th, 1912, and refiled January 13th, 1912. It also appears that on January 15th, 1912, the defendant commenced an appeal under §§ 795 and 796 of the General Statutes. This appeal was not completed, and upon January 26th, 1912, the trial court allowed a motion to withdraw these proceedings. Upon January 17th, 1912, the appeal now under consideration was filed and perfected by giving a bond for costs.

The plaintiff now moves to dismiss the appeal because it appears that the defendant commenced an appeal under the provisions of §§ 795 and 796 of the General Statutes and also under § 797, and that it cannot proceed under both methods to obtain the corrections sought. A mere attempt to take an appeal, which is not perfected, does not affect the jurisdiction of the trial court. *Strong* v. *Hardenburgh*, 25 How. Pr. (N. Y.) 439. The Court of Common Pleas having allowed a motion to withdraw the proceedings first commenced, the case then stood in the court below as though the attempt to appeal had not been made.

It is also urged that the reasons of appeal are defective in that they are not specific and definite. An assignment of error directed to the rulings or action of the court should specify the particular part questioned. *Water Commissioners* v. *Robbins*, 82 Conn. 623, 641, 74

Atl. 938. Each of the paragraphs of the finding, or request to find, referred to in the appeal now under consideration, contains but a single question.

The method followed by the appellant in its motion to correct the finding, in referring to these paragraphs without repeating the language, was sanctioned by this court in *Julian* v. *Stony Creek Red Granite Co.*, 71 Conn. 632, 640, 42 Atl. 994. We have therefore treated this appeal, in all of its assignments, as properly before this court.

The plaintiff alleges and claims, that the merchandise in question was sold and delivered to the defendant, the Max Ripps Company. The defendant contends that the sale and delivery was made to Max Ripps individually and not the company. This is the principal controversy between the parties. The court below sustained the allegations and claims of the plaintiff, and rendered judgment for him.

The alleged sale to the defendant is directly supported by the testimony of the plaintiff. The defendant, however, contends that Davidson's evidence, when read in connection with the other testimony appearing in the record, is highly improbable, and that it appears that there is such a preponderance of the evidence in favor of the defendant that the conclusion reached by the trial court is erroneous. The evidence upon the issues does not show any such preponderance.

The plaintiff testified that the goods in question were sold and delivered to the defendant company. This the defendant denied. The plaintiff was corroborated in many of his material statements by the admission of Max Ripps himself.

We must affirm the judgment of the court below if there is sufficient evidence to sustain it, although there may be other evidence of a contradictory nature. It is not our province to weigh conflicting testimony com-

ing to us as it does in the present case. *Nogga* v. *Savings Bank,* 79 Conn. 425, 426, 65 Atl. 129.

The motion to correct the finding is denied.

There is no error.

In this opinion the other judges concurred.