THE STATE OF CONNECTICUT vs. JOSEPH F. BERGERON.

Third Judicial District, Bridgeport, April Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Under § 1140 of the General Statutes, providing that upon a plea of guilty to an indictment for murder in the first degree the trial court shall examine witnesses and determine the degree of the crime, the question whether the accused was so intoxicated as to be incapable of forming a deliberate and premeditated intent to take life is one of fact, the determination of which, upon conflicting evidence, will not be reviewed by this court upon appeal.

Argued April 17th—decided June 9th, 1914.

INDICTMENT for murder in the first degree, brought to the Superior Court in New Haven County where the accused pleaded guilty and requested the court (*Burpee, J.*) to examine witnesses and determine the degree of his crime; upon such examination, thereafter held, the court found that the accused was guilty of murder in the first degree, and sentenced him to death, from which judgment he appealed. *No error.*

*J. Birney Tuttle*, with whom was *Joseph G. Woods*, for the appellant (the accused).

*Arnon A. Alling*, State's Attorney, for the appellee (the State).

RORABACK, J.   Section 1140 of the General Statutes, relating to the degrees of murder and indictment therefor, provides, among other things, that "the degree of the crime charged shall be alleged in the indictment; but the jury before which any person indicted for murder shall be tried may find him guilty of homicide in a less degree than that charged; and if he shall be convicted by confession, the court shall examine witnesses to determine the degree of the crime and give sentence accordingly."

The accused was indicted for the crime of murder in the first degree, for having shot and killed one Elizabeth R. Dowsett, on the 4th day of June, 1913, by means of a pistol.

At the July term, 1913, of the Superior Court in New Haven County, Bergeron pleaded not guilty. The prisoner obtained experienced counsel, and the case came regularly to the next term of the Superior Court, when the court was informed that Bergeron desired to change his plea and to ask the court, pursuant to the provisions of § 1140 of the General Statutes, to determine the degree of the crime committed, and to give sentence accordingly.

Before his arraignment and before his final plea and confession were received and entered, the court, upon proper inquiry, ascertained that the prisoner fully and clearly understood the consequence to him if he took the course he proposed. Bergeron was then allowed to change his plea, and pleaded guilty to the indictment charging him with murder in the first degree. There-

upon the court heard the evidence, determined the degree of the crime to be murder in the first degree, and sentenced Bergeron to pay the penalty of death.

The accused contends that these conclusions are not justified by the evidence, which is before us under § 797 of the General Statutes. To sustain this contention we must find that the facts stated were found without evidence. *Nogga* v. *Savings Bank,* 79 Conn. 425, 426, 65 Atl. 129. The record discloses no cause for correcting the finding in any of the particulars requested by the appellant.

The defense relied upon was that no greater crime was committed than murder in the second degree, by reason of the fact that Bergeron, at the time the homicide was committed, was in a state of acute alcoholic intoxication, and incapable of premeditation and deliberation.

Upon this subject testimony was given for the accused by his relatives, friends, associates, and a medical expert. The accused also testified in his own behalf. The evidence tended to show that Bergeron had been drinking heavily for three or four days before the homicide, and that when he shot and killed Mrs. Dowsett he was in a state of intoxication and not capable of forming a malicious and deliberate intent to kill.

It was conceded that Bergeron entered a dwelling-house in the city of New Haven occupied by the woman Dowsett, with a revolver from which he fired several shots into her body which resulted in her death.

The evidence produced by the State showed that the accused fully prepared himself for the work which he consummated. It was clear that he purchased the revolver for the purpose of killing Mrs. Dowsett. There was an abundance of proof of malice, preparation and premeditation, and that the woman fell a victim either of the jealousy or rage of Bergeron. The conduct of

Bergeron and his statements before and after the homicide was committed, were such as to indicate that he was conscious of the nature of his act and knew that it was wrong.

The Superior Court has found that "the defendant showed no signs of even slight intoxication at any time on the morning of the homicide," and that "from the answers given to the questions put to him by several persons within a few minutes after the shooting, it was apparent that the defendant knew and fully understood and appreciated the circumstances and situation, and was thoroughly conscious of what he was doing and of what he had done."

The question of irresponsibility in connection with all the evidence presented a question of fact for the Superior Court, the determination of which is binding upon us. If more need be said upon the subject, it is sufficient to observe that we do not see, under the facts and circumstances disclosed by the evidence, how the court below could have reached a different conclusion.

There is no error.

In this opinion the other judges concurred.