ALBERT BERGEN ET AL. *v.* FLORENCE BERGEN

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued January 4—decision released March 13, 1979

*Lester E. Blank,* for the appellants (plaintiffs).

*Andrew Chulick,* with whom was *Cecilia F. Rosenberg,* for the appellee (defendant).

COTTER, C. J. The plaintiffs, Albert and Raymond Bergen, brought this action against the defendant, their mother, alleging that she had appropriated to her own use and had wrongfully withheld certain joint bank accounts totalling approximately $37,000. From a judgment for the defendant, the plaintiffs have appealed to this court.[1]

For a considerable period of time, the defendant lived with her mother, Mary Waugh. Mrs. Waugh was an experienced businesswoman who, during her lifetime, handled the funds for her household, operated a small grocery store in Bridgeport and became involved in a number of profitable real estate transactions. Sometime prior to her death on August 5, 1969, Mary Waugh made gifts of at least $7000 to each of the plaintiffs, her grandsons, of which at least $1000 was in the form of cash and $6000 in the form of United States savings bonds.

---

[1] At oral argument, the plaintiffs indicated that they have no quarrel with the facts contained in the trial court's finding; rather, the claims of error pursued by the plaintiffs are directed at the ultimate conclusions of the court.

On August 10, 1954, the defendant, Florence Bergen, rented a safe deposit box which she maintained and controlled continuously until August 11, 1969. Initially, the safe deposit box was in the names of the defendant and the plaintiff Albert Bergen; from June 4, 1965, until August 11, 1969, however, the safe deposit box was in the names of the defendant and the plaintiff Raymond Bergen. The plaintiff Raymond Bergen had possession of a key to the box. On August 11, 1969, the safe deposit box contained eight savings account passbooks which were in the names of the defendant and one or the other plaintiff. On that date, the plaintiffs, without the defendant's knowledge or consent, had the defendant's name removed from the safe deposit box, changed the names on the box to Raymond and Albert Bergen, and took control of its contents. Subsequently, the plaintiff Raymond Bergen, without his mother's knowledge or consent, consolidated some of the savings accounts in question while retaining the joint character of all the accounts.

The incident which precipitated the present dispute among the parties occurred on September 1, 1973, when the defendant closed the savings accounts and transferred the funds to new accounts bearing only her name. In order to accomplish the above transaction, the defendant reported to the banks that the passbooks had been lost and signed the names of the plaintiffs, without their permission or consent, on the lost passbook forms.

In the present appeal, the basic claim of the plaintiffs is that the trial court erred in failing to conclude that they had established at least partial ownership of the funds in question and were thus entitled to prevail on the merits of this action.

Specifically, they contend that at least a portion of the funds belongs to them by virtue of a claimed gift from their grandmother, Mary Waugh, who, they argue, was the original owner of the money deposited in those accounts.[2]

The plaintiffs, in their brief, have not referred this court to any evidence in support of their claim that the funds in the bank books were traceable to their grandmother, Mary Waugh. See Practice Book, 1978, § 3045. In contrast, the evidence printed in the appendix to the defendant's brief amply supports the implicit finding of the trial court that the funds in the accounts were derived solely from the defendant's savings and income. Consequently, the only logical claim of interest in the money upon which the plaintiffs could rely must be based upon an allegation that the facts surrounding the creation and maintenance of the joint accounts in question constituted valid inter vivos gifts of a portion of the funds from the defendant to the plaintiffs.[3] See *Devitt* v. *Manulik,* 176 Conn. 657, 663, 410 A.2d 465.

The burden of proving the essential elements of such a valid gift rests upon the party claiming the gift. *Kriedel* v. *Krampitz,* 137 Conn. 532, 534, 79 A.2d 181; *Nogga* v. *Savings Bank of Ansonia,* 79 Conn. 425, 426, 65 A. 129. There must be not only

[2] Neither at trial nor in their appeal to this court have the plaintiffs alleged that they had personally contributed any of their own funds to the disputed accounts.

[3] Although, as we have stated, the plaintiffs' argument in this court appears to be almost entirely grounded upon their claim of interest in the passbooks by virtue of a gift of the funds from their grandmother, Mary Waugh, the trial court concluded that the *defendant* opened the accounts in question with her own funds and never intended to make an inter vivos gift of any portion of her funds to the plaintiffs. In this context, we have decided to address that conclusion which has been assigned as error by the plaintiffs.

a delivery of possession of the property but also an intent on the part of the donor that title shall pass immediately to constitute a valid gift inter vivos of personal property. *Kukanskis* v. *Jasut,* 169 Conn. 29, 34, 362 A.2d 898; *Guinan's Appeal,* 70 Conn. 342, 347, 39 A. 482. Although the creation of a joint account provides some evidence of an intent to make a gift, it is by no means conclusive. *Devitt* v. *Manulik,* supra, 663. Since the issue of intent is a question of fact, the trier's determination is not subject to review by this court unless the conclusion drawn is one which cannot reasonably be made. *Kriedel* v. *Krampitz,* supra.

The trial court's finding of facts, which is not disputed by the plaintiffs, reasonably and logically supports the conclusion that the joint accounts in question were established solely for the convenience of the defendant and not with the intent to make an inter vivos gift of any portion of the funds to either of the plaintiffs. Absent any valid proof of ownership or superior right of possession to the passbooks, therefore, the plaintiffs' allegation of a conversion by the defendant could not be sustained.[4] See *Devitt* v. *Manulik,* supra, 662; *Healey* v. *Flammia,* 96 Conn. 233, 235, 113 A. 449; 18 Am. Jur. 2d, Conversion § 1.

There is no error.

In this opinion the other judges concurred.

---

[4] General Statutes § 36-3 does not aid the plaintiffs under the circumstances of this case. See *Grodzicki* v. *Grodzicki,* 154 Conn. 456, 226 A.2d 656.