RUTH LANE GOWDY *vs.* EDWIN T. GOWDY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 8th—decided November 5th, 1935.

*Josiah H. Peck,* with whom was *Francis J. Fahey,* for the appellant (defendant).

*John T. Robinson,* for the appellee (plaintiff).

BANKS, J. The state referee in his report found in considerable detail the facts as to the conduct of the defendant toward the plaintiff during their married life, and found as a conclusion from the subordinate facts that for more than four years prior to the date of the writ the defendant had been guilty of intolerable cruelty to the plaintiff. The defendant remonstrated against the acceptance of the report on the ground (1) that the finding that the defendant was guilty of intolerable cruelty was made without evidence and (2) that the subordinate facts set forth in the report do not support the finding of intolerable cruelty. The trial court sustained a demurrer to the remonstrance, accepted the report and granted the plaintiff a divorce.

The finding of the state referee that defendant was guilty of intolerable cruelty was a conclusion of an ultimate fact based upon the subordinate facts found by him. As such it can only be attacked by inquiring whether it was illegally or illogically drawn from the subordinate facts. It cannot be attacked by reviewing

the evidence to determine whether that furnishes it with legal support. *Liefeld* v. *Coffin,* 103 Conn. 279, 283, 130 Atl. 576; Practice Book, § 172. The remonstrance does not attack any of the subordinate facts in the referee's report as being found without evidence. It must therefore be assumed that there was evidence to support them in each instance. We cannot go back of the subordinate facts found by the referee, but may examine them to determine whether his conclusions were legally reached. Practice Book, § 172. The sole question upon this appeal therefore is whether the subordinate facts found logically and legally justify the referee's conclusion that the defendant was guilty of intolerable cruelty.

It appears from the report of the referee that the defendant used intoxicating liquor to excess during the entire married life of the parties; that while under the influence of liquor he would, in the presence of the children and of friends, make unfounded accusations that the plaintiff was unduly familiar with other men; that on several occasions he struck her and often used profane and abusive language to her; that on August 22d, 1934, in the presence of the children he called her a vile name and the following day she left him. The referee found that this conduct and other acts enumerated in his report caused the plaintiff great distress of mind and the loss of seventeen pounds in weight, and created a situation that finally became unbearable.

"Intolerable cruelty has a subjective as well as an objective significance. There must not only be proof of acts of cruelty on the part of the defendant, but proof that in their cumulative effect upon the plaintiff they are intolerable in the sense of rendering the continuance of the marital relation unbearable by him." *VanGuilder* v. *VanGuilder,* 100 Conn. 1, 3, 122

Atl. 719. "Though cruel acts may not be individually intolerable, yet if they are manifestations of a persistent and consistent cruel conduct, they may in their cumulative effect, become unbearable and intolerable and justify the termination of the marriage relation." *Swist* v. *Swist,* 107 Conn. 484, 490, 140 Atl. 820.

An examination of the subordinate facts found by the state referee satisfies us that his conclusion that the persistently cruel conduct of the defendant created a situation that became unbearable by the plaintiff was one that he could reach legally and logically, and must therefore be sustained.

There is no error.

In this opinion the other judges concurred.