SARAH GIPSTEIN *vs.* BENNY KIRSHENBAUM, ADMINISTRATOR (ESTATE OF EVA KIRSHENBAUM).

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued October 4th—decided November 5th, 1935.

*John T. Robinson* and *Jacob Schwolsky,* for the appellant (plaintiff).

*Charles J. McLaughlin,* for the appellee (defendant).

PER CURIAM. The plaintiff, a tenant in an apartment house, fell while going down a common stairway. She alleged in her complaint that there were rubber mats upon the treads of the stairway which were loose and tended to slide, that the one upon the top stair had slipped forward until it partly overlapped the tread and that her fall was due to her stepping upon

this mat, which failed to sustain her. The jury returned a verdict for the defendant and this appeal is from the refusal of the trial court to set it aside. The trial court states in its memorandum of decision that the case was tried and apparently decided solely upon the issue of the plaintiff's contributory negligence, and with that view counsel for both parties agree. The case was before us at a previous term and we then found error. We pointed out, among other things, that while the length of the plaintiff's tenancy of the apartment and the extent of her use of the stairway might well be held to impute to her a knowledge of the situation as to the mat, the charge of the trial court was defective in that it assumed the further fact essential to establish her contributory negligence, that she apprehended or should have realized the danger that might arise through the slipping of the mat so as to overlap the tread; and we said that whether she appreciated or should have appreciated that danger was at least a jury question. *Gipstein* v. *Kirshenbaum,* 118 Conn. 681, 687, 174 Atl. 261. The charge of the trial court upon the second trial is not in the record and we must assume that this issue was properly submitted to the jury.

The burden to prove her lack of contributory negligence was, of course, upon the plaintiff. She was the only witness as to the immediate circumstances connected with the fall. Her credibility was placed distinctly in issue by reason of the fact that her testimony at the previous trial differed materially from that given on the second trial, particularly in that on the former she directly testified that she knew the mats were loose, while in the latter she directly stated that she did not know this. The jury might reasonably have refused to give credence to her testimony as to some of the circumstances essential to establish her freedom

from contributory negligence. They could upon the evidence offered upon the trial have reasonably found that, upon starting to descend the stairway, the plaintiff looked down and saw the mats; and that the one which caused her fall had slipped so far beyond the edge of the tread that a good part of her foot was without support. They might reasonably have inferred from her tenancy and use of the stairway that she knew the mats to be loose; that she comprehended or should have comprehended that this might be a source of danger; and that, in the exercise of care commensurate with the risk, she should have discovered the overlapping of the mat or should not have placed her foot so far forward as to rest her weight upon the portion which protruded. Whether the plaintiff was guilty of contributory negligence was a question of fact for the determination of the jury.

There is no error.