EDWARD KRIEDEL, ADMINISTRATOR (ESTATE OF ADOLPH SCHMIDT) *v.* JULIUS KRAMPITZ

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued January 4—decided February 20, 1951

*George Muir,* with whom, on the brief, were *M. J. Blumenfeld* and *James L. Montgomery,* for the appellant (plaintiff).

*Carl F. Anderson,* for the appellee (defendant).

BALDWIN, J. The plaintiff, administrator of the estate of Adolph Schmidt, brought suit in the Superior Court to recover from the defendant a sum of money on deposit in the City Savings Bank in Middletown which he claimed belonged to the estate. The defendant denied that it did and alleged in a special defense that it was a gift to him from the intestate. The court rendered judgment for the defendant and the plaintiff has appealed.

The plaintiff seeks substantial changes in the finding. His claims are without merit. The court found the following material facts: Schmidt and the defendant had been friends for many years. They both came from Poland, settled in Middletown and were fellow workers at the Russell Manufacturing Company. Schmidt was divorced from his wife. He had no children. His next of kin was a sister, who lived in Rocky Hill with her family. For some time prior to January 8, 1948, Schmidt had on deposit in the City Savings Bank approximately $2800. He lived alone and was not in good health. He felt that his sister needed no help from him and that if the money was given to his nephew he might spend it foolishly. Schmidt finally decided to give his money to the defendant, whom he

regarded as a faithful friend. On January 8, 1948, he went with the defendant to the bank. In the presence of one of its representatives he withdrew the entire amount he had on deposit and turned over the sum of $2500 to the defendant; it was thereupon deposited in the defendant's name. Schmidt died on April 18, 1948. There was sufficient money in his estate to pay for the expenses of his last illness and for his burial. The plaintiff was duly appointed and qualified as the administrator of his estate.

The question for determination is whether the court was warranted in concluding, upon these facts, that Schmidt had made a valid gift inter vivos to the defendant. "A gift is the transfer of property without consideration." *Guinan's Appeal*, 70 Conn. 342, 347, 39 A. 482. To make a valid gift inter vivos, the donor must part with control of the property which is the subject of the gift with an intent that title shall pass immediately and irrevocably to the donee. *Burbank* v. *Stevens*, 104 Conn. 17, 22, 131 A. 742; *Meriden Trust & Safe Deposit Co.* v. *Miller*, 88 Conn. 157, 163, 90 A. 228; *Candee* v. *Connecticut Savings Bank*, 81 Conn. 372, 373, 71 A. 551; *Meriden Savings Bank* v. *McCormack*, 79 Conn. 260, 265, 64 A. 338; *Camp's Appeal*, 36 Conn. 88, 92; 24 Am. Jur. 738, 742, 752. The burden of proving the essential elements of a valid gift rests upon the party claiming the gift. *Nogga* v. *Savings Bank*, 79 Conn. 425, 426, 65 A. 129. The plaintiff insists that a clear and unequivocal intention on the part of Schmidt to make a gift was lacking. "A question of intent is a question of fact, the determination of which is not reviewable unless the conclusion drawn by the trier is one which cannot reasonably be made." *Meriden Trust & Safe Deposit Co.* v. *Miller*, supra, 162; *D. M. Read Co.* v. *American Bank & Trust Co.*, 110 Conn. 461, 462, 148 A. 130. The court found as a

subordinate fact that Schmidt "decided to give his money to the defendant." The finding lacks clarity because the paragraph immediately preceding the words quoted is so worded as to suggest some uncertainty concerning just what the court found was the intent of the intestate. We therefore resort to the memorandum of decision to interpret the finding. *Van Tassel* v. *Spring Perch Co.*, 113 Conn. 636, 647, 155 A. 832; Conn. App. Proc., p. 120. The memorandum leaves no doubt that the court's finding is that it was the intention of Schmidt to pass title to the money immediately and irrevocably; the finding adequately supports the court's conclusion that Schmidt intended to make and did make a valid gift inter vivos.

There is no error.

In this opinion the other judges concurred.