OLGA M. TRENCHARD v. HERBERT H. TRENCHARD

HERBERT H. TRENCHARD v. OLGA M. TRENCHARD

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and RYAN, Js.

Argued October 6—decided November 9, 1954

*Max R. Lepofsky,* with whom, on the brief, was *George J. Lepofsky,* for the appellant (defendant and plaintiff Herbert H. Trenchard).

*Donald H. McGannon,* with whom was *George F. Carroll, Jr.,* for the appellee (plaintiff and defendant Olga M. Trenchard).

WYNNE, J. In the first-named action the plaintiff wife sought a judgment for past support and for an order of continuing support from the defendant husband. In the second-named action the husband as plaintiff sought an accounting against his wife as defendant. The court found the issues for the plaintiff wife in the first action and for her as defendant in the second. From the judgments rendered the hus-

band has appealed. In the first action he assigned error in the finding and in the overruling of his claims of law. In the second action the appeal concerns the question whether funds which were deposited in savings banks by the wife in her name and her husband's belonged to both. The findings in the two cases are the same with respect to the controlling issues in the dispute between husband and wife. It is clear that the decision in the first-named case disposes of the claim by the husband that he was entitled to an accounting.

The following is a summary of the facts found: The parties were married on June 6, 1936. The husband was employed by the Hat Corporation of America from 1936 to 1942 and earned between $32.72 and $43.85 per week. The wife was employed by the General Electric Company from 1936 to 1944 and earned a regular salary which varied between $1038.04 and $2074.54 annually. After their marriage, the parties lived in Norwalk in a seven-room house belonging to and occupied also by Mrs. Amanda W. Trenchard, the husband's mother. For approximately the first year, the parties operated their household on a budget, pooling their earnings. This arrangement ended the latter part of 1937 because of the husband's dissatisfaction with it. The husband ceased turning over any of his salary to his wife in the latter part of 1937. He was in the United States navy from July, 1942, to September, 1945. While in service, he sent to his wife from time to time about $900 in addition to an allotment made by him, which amounted to $100 a month. He requested his wife to maintain the home in Norwalk while he was overseas and this she did from her earnings and the funds sent through him. Upon the husband's discharge from service, the parties took up

residence in New York City, sharing a three-room apartment with two adult friends of the husband. Because of the husband's conduct, the wife left the apartment and went to her mother's home in Trumbull. A reconciliation followed a telephone call from her, and the parties resumed living together in the home in Norwalk. From then until the final separation, the wife constantly earned money and used it in maintaining the home. The husband never turned over any money to her, but he did pay some of the expenses with funds of his own. From October, 1948, to April, 1951, the wife was compelled to expend $34 per week for her individual support.

The trial court concluded that the husband was liable for the support of the wife from and after the time of the final separation in September, 1948, and rendered judgment for $2210 in damages to her and that the husband pay her $17 a week in the future. The finding is to the effect that the husband's conduct justified the wife in leaving him and in continuing to live apart from him, although he has requested her on occasions to return.

On August 16, 1943, the wife opened a savings account in the Bridgeport-City Trust Company. This account was payable to her or her husband, or the survivor. She opened another account on July 25, 1947, in the Merchants Bank and Trust Company of Norwalk, made payable as in the bank first mentioned. In August and September of 1948 she withdrew all the funds on deposit in these two banks. It is, of course, true that a transfer from a wife to a husband is presumed to be a gift. That presumption, however, is one which rests upon common experience and inherent probability and is dissipated when the wife produces substantial evidence to the contrary. *O'Dea* v. *Amodeo,* 118 Conn. 58, 61, 170 A.

486. The court found that in each instance the deposits in the two accounts were from the wife's own funds and that it was not her intention to make gifts to her husband, or contribute the funds to a joint adventure, as in *Dolan* v. *Dolan,* 107 Conn. 342, 140 A. 745, and *Schaeffer* v. *Schaeffer,* 128 Conn. 628, 636, 25 A.2d 243.

It is clear that the husband's position on the appeals is hopeless if the finding remains uncorrected. The facts narrated lead logically to no other possible conclusion than the one reached by the court. Accordingly, the husband has, in the first case, assigned error in the refusal of the court to find twenty-one paragraphs proposed in the draft finding. These merely represent his notion of what he would like to have had the court find upon conflicting evidence. He really seeks to have us retry the cases. This we cannot do. *African Methodist Episcopal Church* v. *Jenkins,* 139 Conn. 418, 423, 94 A.2d 618. Where reasoning minds may differ on disputed evidence, we cannot disturb the court's conclusion. *Sheehan* v. *Sette,* 130 Conn. 295, 297, 33 A.2d 327; *Gipstein* v. *Kirshenbaum,* 120 Conn. 697, 699, 181 A. 463. The husband claims that the deposits in the two banks were in part his. The court found, however, to the contrary. The conclusion of the trier is not reviewable unless it is one which could not have been reached in logic and reason. *Kriedel* v. *Krampitz,* 137 Conn. 532, 534, 79 A.2d 181.

That a wife is entitled to support even though not living with her husband, provided she left him for just cause, admits of no argument. The defendant raises the question of the Statute of Limitations with regard to the claim for back support. The court had no occasion to pass upon this because the judgment was predicated only upon the period within the six

years before the institution of the action. The court found that the wife was industrious and made every effort to make a success of the marriage and that it was the husband who had failed. The findings are supported by the evidence.

There is no error on either appeal.

In this opinion the other judges concurred.