Town of Branford Sewer Authority *v.* Mary M. Williams, Administratrix (Estate of Frank F. Williams), et al.

Alcorn, C. J., House, Thim, Ryan and Shapiro, Js.

Submitted on briefs May 6—decided May 26, 1970

*Nathan A. Resnik,* on the brief, for the appellants (defendants).

*Howard F. Zoarski,* on the brief, for the appellee (plaintiff).

HOUSE, J. The plaintiff is a municipal sewer authority possessing powers of condemnation, granted by the provisions of § 7-247 of the General Statutes, for acquiring, constructing and operating a sewerage system in Branford. It brought a petition to the Superior Court alleging that it had deemed it necessary for the construction of a sewer line to acquire an easement through certain lands owned by the defendants and that it had unsuccessfully attempted to agree with the defendants upon the amount of damages arising from the taking, and praying that a committee of three disinterested persons be appointed to assess just damages to be paid by it on account of the taking.

By way of answer to the petition, the defendants admitted the existence of the eminent domain powers of the plaintiff but denied the allegations that the plaintiff had deemed acquisition of the easement to be necessary and that the plaintiff and the defendants had attempted to agree upon the amount of damages and had been unable to effect an agreement. By way of special defense, the defendants alleged that the action of the plaintiff "under all the circumstances is so inequitable, unfair, unjust, discriminatory and unconscionable as to constitute an abusive [sic] power" on the part of the plaintiff and that the taking is "unreasonable, unnecessary, arbitrary, capricious, discriminatory and illegal and constitutes the taking of the defendants' property without due process of law." By way of an additional special defense, the defendants alleged that the action of the plaintiff was illegal because the plaintiff failed to comply with the provisions of

§ 8-24 of the General Statutes in that the proposal to locate and acquire land for the sewer was not first submitted to the Branford planning commission for a report. By way of affirmative relief, the defendants claimed an injunction restraining the plaintiff from any further action to acquire by condemnation any rights in the property of the defendants.

The case was tried to the court, which found the issues for the plaintiff and further found that the easement described in the complaint was necessary for the construction of the sewer line and that the plaintiff had been unable to agree with the defendants as to the price to be paid for the easement, and adjudged "that a committee of three disinterested persons be appointed" to make an appraisal of the damages resulting from the taking. From this judgment the defendants appealed.

The court filed a finding of facts and the conclusions which it reached. It concluded that the plaintiff had statutory authority to acquire and construct the sewer system; that the plaintiff had found that it was necessary to acquire an easement through the defendants' property because the contour of the land and underlying terrain in the adjoining street would have made it unduly costly and disruptive of traffic to excavate in the highway; that the parties attempted to agree on the amount of damages but were unable to effect an agreement; that the plaintiff had acted within its discretion and in performance of its legislative duty in acquiring the defendants' property for a public use and did not act arbitrarily or in abuse of its discretion; that it was reasonably necessary for the plaintiff to acquire the easement and that the plaintiff did not act in bad faith; that the plaintiff has complied with the requirements of § 8-24 of the General Statutes; and

that the project was approved by the planning and zoning commission of the town of Branford.

The findings of fact from which the court reached these conclusions are set out in fifty-five paragraphs. In their assignments of error, the defendants have attacked sixteen of these paragraphs on the ground that they were found without evidence or in language of doubtful meaning. In addition, the defendants have assigned error in the refusal of the court to find facts as set forth in forty-nine paragraphs of the defendants' draft finding, which facts the defendants claim were material and were admitted or undisputed. The defendants have thus made what in effect is a wholesale attack on the finding of the trial court. We have repeatedly pointed out that attacks of this nature rarely produce any beneficial results. See *Morrone* v. *Jose,* 153 Conn. 275, 276, 216 A.2d 196, and cases cited. As this court said in *Franks* v. *Lockwood,* 146 Conn. 273, 275, 150 A.2d 215, "[i]n effect, the defendants by the wholesale manner in which they allege error and by the arguments advanced in their brief seek to have this court retry the issues. That is not our function. *Trenchard* v. *Trenchard,* 141 Conn. 627, 631, 109 A.2d 250. The wholesale attack on the finding tends to cloud the real issue and cast doubt on the merits of the defendants' claims. *Anderson* v. *C. E. Hall & Sons, Inc.,* 131 Conn. 232, 236, 38 A.2d 787."

We deem it unnecessary in this opinion to discuss seriatim the defendants' many assignments of error addressed to the court's finding of facts. It suffices to note that a fact is not admitted or undisputed merely because it has not been contradicted, since the question of credibility is for the trier. *Jarrett* v. *Jarrett,* 151 Conn. 180, 181, 195 A.2d 430. As the trier, the court is the sole arbiter of the credibility of

witnesses and is privileged to adopt whatever testimony it reasonably believes to be credible. *Tartaro v. LaConte,* 157 Conn. 583, 584, 254 A.2d 912. The material paragraphs of the finding sought to be eliminated are supported by the evidence printed in the appendices to the briefs and must stand. The efforts of the defendants to have the draft finding substituted for the salient details of the finding cannot avail where the evidence is conflicting and the finding as made has support in the evidence. *Winnick v. Parish,* 142 Conn. 468, 474, 115 A.2d 428. Any corrections in the finding to which the defendants are entitled are not material to the decisive issues and would not change the result in any way. We find nothing in the appeal which requires us to disturb the material findings of fact and the conclusions which the trial court reached from those findings. "The conclusions reached by the court must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case." *Brauer v. Freccia,* 159 Conn. 289, 293, 268 A.2d 645.

The defendants have further assigned error in five evidential rulings of the court. These rulings each involved testimony concerning matters collateral to the basic issues raised by the pleadings and were decided by the court on the basis of relevancy and materiality. We have examined each of the rulings to which a proper exception was taken. A trial court has wide discretion in its rulings on the relevancy of evidence, and no precise and universal test of relevancy is furnished by the law. The question must be determined in each case according to the teachings of reason and judicial experience. *State v. Towles,* 155 Conn. 516, 523, 235

A.2d 639; *National Broadcasting Co.* v. *Rose,* 153 Conn. 219, 227, 215 A.2d 123. It does not appear that there was any abuse of judicial discretion in the evidential rulings attacked.

The defendants have also asserted and briefed a claim that the conduct of the trial court denied them a fair trial and indicated undue hostility to the defense and to defense counsel. We have examined with care the claims of the defendants and the portions of the appendix to the defendants' brief printed in support of their assertion. It is apparent that the court did become impatient with what it termed "the prolonged irrelevancies that have been taking place," that it admonished defense counsel to "[g]et down to the issues, and let's have the facts," and that it rebuked defense counsel for criticizing and interrupting the court while it was addressing counsel. Without discussing at length the elements of provocation and the details of the colloquies between the court and counsel, we are satisfied that nothing transpired which would justify a conclusion that the defendants were in any way prejudiced or denied a fair and impartial trial.

Although none of the parties has raised the point, we note a serious deficiency in the judgment as entered which, regardless of what we have already said, requires the dismissal of this appeal. Section 7-248 of the General Statutes, under the provisions of which the plaintiff instituted this action, provides that when in such eminent domain proceedings the parties are unable to agree as to the compensation to be paid for the taking, the court or judge hearing the petition "shall appoint a committee of three disinterested persons who shall be sworn before commencing their duties" and who shall assess just damages. By way of relief the plaintiff's complaint

properly prayed for the appointment of such a committee. See Practice Book, Form 402. The judgment as entered failed, however, to make such an appointment, but only adjudged that such a committee "be appointed to make the appraisal," no members of the committee being named. See Practice Book, Form 499. That this was an oversight is obvious from the concluding paragraph of the court's memorandum of decision, which stated: "Before designating the persons to be named to such committee the court will entertain recommendations from the parties . . . as to who specifically shall be thus appointed." Nevertheless, a decision that a committee to assess damages should be appointed, as distinguished from the actual appointment of the members of such a committee, is not a final judgment from which an appeal may be taken. *Antman* v. *Connecticut Light & Power Co.*, 117 Conn. 230, 235, 167 A. 715; *Bristol* v. *Bristol Water Co.*, 85 Conn. 663, 670, 84 A. 314; *New Milford Water Co.* v. *Watson*, 75 Conn. 237, 243, 52 A. 947, 53 A. 57. Unless and until such a committee has been appointed, there is no final judgment from which an appeal may be taken, and, accordingly, the present appeal must be dismissed.

The appeal is dismissed.

In this opinion the other judges concurred.