The facts of this case may be summarized as follows: On June 8, 1969, the plaintiff sold the defendant a new boat. During the fall of 1969, the defendant requested the plaintiff to make repairs to the boat, and during the winter of 1969-1970 the plaintiff furnished materials and performed services in connection therewith and billed the defendant for them. The defendant claimed that the services were unworkmanlike, and he refused to pay for them; the plaintiff instituted suit; the defendant filed a general denial and a special defense; and he counterclaimed for sums expended to others to repair the boat and also for the loss of use of his boat. The court found the issues for the plaintiff on the complaint, and, although the record shows no separate action by the court on the counterclaim, during oral argument before this court counsel stipulated that the judgment was for the plaintiff on both the complaint and the counter-claim. The defendant appealed.
The only briefed assignment of error by the defendant is that the court erred in reaching the conclusions stated in paragraph three of its conclusions because the facts set forth in the finding do not support them. The court concluded in paragraph three of its conclusions: "The defendant's *Page 506 
boat was operated at times in such a manner, although not done negligently, intentionally or consciously, that it could be termed as abusive, causing the propeller to be bent, and allowing a rope or line to become wound about the propeller shaft, all this resulting in direct and proximate injury and damage to the engine and other attendant parts of the power plant. The tolerance to abuse by a marine craft is markedly less than a motor vehicle."
The following findings of the court are relevant: The defendant's expert naval architect, Mr. Stadel, examined the boat on September 25, 1969, and found the propeller of the boat bent and a line wound around the propeller; a bent propeller would reduce the revolutions per minute of an engine; a line wound around the propeller would cause dirty oil and overheating of the engine; Stadel indicated that the engine on the boat was running hot; the boat was abused. We rely on these findings of fact, even though rulings on some of them were assigned as error, because those assignments were not briefed. "Since the defendant failed to brief its assignments of error pertaining to the finding, they are treated as abandoned; State v. Grayton, 163 Conn. 104,109 . . ., cert. denied, 409 U.S. 1045 . . ., State v. Benson, 153 Conn. 209, 217 . . .; and the facts as set forth in the finding are considered as undisputed." Hartford National Bank Trust Co. v. Redevelopment Agency, 164 Conn. 337,338; Practice Book 572C.
The trial court is the sole arbiter of the credibility of the witnesses, and its finding is based on testimony which it believed; it is not the function of this court to retry this case. Branford Sewer Authority v. Williams, 159 Conn. 421,424. "A conclusion must stand unless it is legally or logically inconsistent with the facts found or unless it involves the application *Page 507 
of some erroneous rule of law." Hutensky v. Avon, 163 Conn. 433, 437; Schnier v. Ives,162 Conn. 171, 177. Inferences and conclusions from the facts which are made logically, in reason, and in accordance with the principles of law are final and not reviewable. Trenchard v. Trenchard,141 Conn. 627, 631; Kriedel v. Krampitz, 137 Conn. 532,534; Todd v. Bradley, 99 Conn. 307, 314. The conclusions of the court in paragraph three of its conclusions are, except for the last sentence, consistent with the facts found, and the court did not err in reaching them.
The last sentence of that paragraph, concerning a comparison between marine craft and motor vehicles with respect to tolerance of abuse, is not supported by the subordinate facts in the finding, and the court erred in reaching the conclusion it did in that sentence. The error was, however, harmless. Whether motor vehicles tolerate abuse more than marine craft is irrelevant to this case. "The striking of the conclusion . . . would not change the result in any way. Kobryn v. Kobryn, 156 Conn. 638 . . .; Taylor v. Taylor,154 Conn. 340, 341 . . . ." Barrett-Nonpareil, Inc. v. Stoll,168 Conn. 79, 84. The result must stand unless an error which materially affects an essential conclusion of fact is found. Atwood v. Atwood, 86 Conn. 579, 581. In Harry v. Bidwell, 149 Conn. 93, 99, our Supreme Court held: "`[N]one save fundamental and substantial errors which may do a litigant injustice can or ought to furnish ground for disturbing a judgment rendered in substantial accord with the principles of law.' Turgeon v. Woodward, 83 Conn. 537, 547 . . . ." We find no such error in this record.
Other assignments of error have not been briefed by the defendant and are considered abandoned. 508 *Page 508 
Waldron v. Raccio, 166 Conn. 608, 610; Multiplastics, Inc. v. Arch Industries, Inc.,166 Conn. 280, 282 n.; Klahr v. Kostopoulos, 138 Conn. 653,657.
 There is no error.
In this opinion BARBER and SPONZO, Js., concurred.