MARIANNA DOMBROWSKI *v.* CHESTER DOMBROWSKI

HOUSE, C. J., LOISELLE, MACDONALD, LONGO and BARBER, Js.

Argued May 13—decision released July 1, 1975

*Helen F. Krause,* for the appellant (defendant).
*Alexander W. Samor,* for the appellee (plaintiff).

PER CURIAM. The plaintiff instituted an action against the defendant alleging intolerable cruelty and seeking a divorce, conveyance of the defendant's interest in certain real property, and other relief. The defendant filed an answer and cross complaint. The case was referred to and tried by a state referee sitting as a court. The court concluded that the plaintiff sustained her claim of intolerable cruelty on the part of the defendant by a fair preponderance of the evidence and that judgment should enter granting her a divorce. The court further found that the defendant had not proved the allegations of his cross complaint. A judgment was rendered awarding the plaintiff a divorce on the ground of intolerable cruelty, ordering the defendant to pay alimony to the plaintiff in the amount of $30 per week, and ordering that the interest of the defendant in and to certain residential property be transferred to the plaintiff.

The defendant has appealed from the judgment rendered and has made a wholesale attack upon the finding of the court. The first error assigned claims that thirty-four paragraphs of the draft finding, not included in the finding, are admitted or undisputed facts. The second error assigned claims that thirty-four paragraphs of the finding were found without evidence. The third error assigned attacks all four conclusions of the finding. These conclusions are that (1) the plaintiff has sustained her claim of intolerable cruelty, (2) the defendant has not sustained his burden of proof of the allegations in the cross complaint, (3) the weekly sum of $30 is reasonable alimony, and (4) the defendant's interest in certain property be transferred to the plaintiff pursuant to General Statutes § 52-22. We have repeatedly and consistently advised against resorting to such a wholesale attack upon a finding. *John Meyer of Norwich, Inc.* v. *Old Colony Transportation Co.,* 164 Conn. 633, 634, 325 A.2d 286. Obviously, the defendant is attempting to retry the facts of the case. *Sipp* v. *Sipp,* 151 Conn. 705, 197 A.2d 73. It is not the function of this court to do so.

The credibility of witnesses must be determined by the trier. That a witness testifies to a fact without contradiction is not of itself sufficient to find a fact admitted or undisputed. Practice Book § 628 (a); *Charter Oak Estates, Inc.* v. *Kearney,* 160 Conn. 522, 525, 280 A.2d 885. The additional facts sought by the defendant are not material nor are they undisputed. The testimony of a witness may be sufficient to support a finding of fact provided the testimony is believed by the trier. Practice Book § 628 (a); *Branford Sewer Authority* v. *Williams,* 159 Conn. 421, 424, 270 A.2d 546. The

paragraphs of the finding are supported by the evidence found in the appendix to the plaintiff's brief and are not subject to any material correction.

The subordinate facts found support the conclusion of the court that the plaintiff sustained her claim of intolerable cruelty. It is unnecessary to recite all the particular acts of cruelty found. The court logically concluded that through the years the defendant committed acts of cruelty which, in their cumulative effect upon the plaintiff, were intolerable in the sense of rendering the marital relation unbearable. *Taylor* v. *Taylor,* 154 Conn. 340, 342, 225 A.2d 196; *Gowdy* v. *Gowdy,* 120 Conn. 508, 510, 181 A. 462. Upon the record and upon the financial affidavits included in the appendices to the briefs, we decide that the trial court applied proper standards and did not abuse its discretion in awarding periodic alimony and in transferring the defendant's interest in real estate to the plaintiff. *Krieble* v. *Krieble,* 168 Conn. 7, 357 A.2d 475.

In the remaining error assigned the defendant claims that the court erred in rendering judgment because the plaintiff failed to produce a disinterested witness on her behalf and that her son acted as interpreter for her and as a witness against the defendant. It was for the trier to determine the credibility of the testimony of the witness. *Birnbaum* v. *Ives,* 163 Conn. 12, 21, 301 A.2d 262; *Branford Sewer Authority* v. *Williams,* supra. We cannot hold that the trier acted unreasonably in believing the testimony of the plaintiff's son. When there is evidence which is believed by the court, which is sufficient to establish intolerable cruelty, a party is not precluded from a judgment dissolving the marriage because the evidence lacks corrobora-

tion of other witnesses. *Jarrett* v. *Jarrett,* 151 Conn. 180, 182, 195 A.2d 430. At no time did the defendant object to the use of the plaintiff's son as interpreter, and the trial court was not alerted to the claim or asked to rule thereon as required by our practice. Practice Book § 652; *State* v. *Lombardo,* 163 Conn. 241, 245, 304 A.2d 36. The failure of the defendant to object to the use of the plaintiff's son as interpreter prevents the issue from being raised on appeal. *United States* v. *Guerra,* 334 F.2d 138, 142, 143 (2d Cir.), cert. denied, 379 U.S. 936, 85 S. Ct. 337, 13 L. Ed. 2d 346.

There is no error.