CAROL C. JOHNSON *v.* JOHN J. O'CONNOR ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued December 3—decision released December 16, 1975

*Carol C. Johnson,* of the New York bar, pro se, the appellant (plaintiff).

*James O'Connor Shea,* for the appellees (defendants).

PER CURIAM. This is an appeal by the plaintiff from a judgment for the defendants rendered by the Superior Court for New Haven County in an action in which the plaintiff claimed a judgment

that he was the owner in fee of a triangular parcel of land lying between other property owned by him and land of the defendants or, in the alternative, that he owned a right of way or easement over the parcel. The court concluded that "[t]he plaintiff has failed to establish by a preponderance of the evidence his claims that he had acquired title by adverse possession to the triangular plot of land abutting his land on the west and belonging to the defendants, and, in the alternative, that he had acquired a prescriptive right-of-way or easement over the same premises." It, accordingly, found the issues for the defendants and rendered judgment.

On his appeal, the plaintiff assigned error to all but two of the court's sixty-one findings of fact, to all twenty of the court's conclusions, and to the court's refusal to find sixty-one of the sixty-four paragraphs of the plaintiff's draft finding. The appendix to the plaintiff's brief consists of the following two sentences: "Plaintiff requests the Court to consider the whole transcript of the testimony as the appendix as if fully set forth herein. Copies of the transcript will be submitted to the Court at or before the hearing." The transcript is 399 pages in length.

Our frequent strictures against such sweeping attacks on the finding of a court and disregard of the rules of appellate procedure need not be reiterated.

It suffices to note that the decision in the case depended in large measure upon the credibility which the court placed on the testimony of the witnesses. Despite the sweeping attack, the court's finding of fact is not subject to material correction and amply supports the conclusion of the court that

the plaintiff failed to prove the essential allegations of his complaint and the facts and circumstances which must be proved to establish a right by adverse possession or prescription. See *Arcari* v. *Dellaripa,* 164 Conn. 532, 536, 325 A.2d 280; *Andrzejczyk* v. *Advo System, Inc.,* 146 Conn. 428, 431, 151 A.2d 881; *Aksomitas* v. *South End Realty Co.,* 136 Conn. 277, 281, 70 A.2d 552.

There is no error.