The plaintiffs, Kadar Development Corporation and Mohican Valley Corporation, hereinafter referred to as Kadar Corporation and Mohican Corporation respectively, brought this action to recover damages for breach of an oral contract allegedly entered into by the plaintiff Kadar Corporation and the defendant. The issues were tried to the court which rendered judgment for the plaintiff Kadar Corporation only. The defendant has appealed from that judgment.
The defendant's assignment of errors consists mostly of a wholesale attack on the court's finding. Such wholesale attacks "rarely produce any beneficial results"; Cecio Bros., Inc. v. Feldmann, 161 Conn. 265, 268; Branford Sewer Authority v. Williams, 159 Conn. 421, 424; and the practice of using them has been "repeatedly discountenanced." Hyatt v. Zoning Board of Appeals, 163 Conn. 379, 381. It is the function of the trial court, not this court, to try the issues of fact.
The trial court filed an extensive finding which the defendant did not move to correct. As a result *Page 614 
of the defendant's failure to file a motion to correct, we are unable to act on his assignments of error which are directed to the finding. See Practice Book 567G, 567L; State v. Caponigro, 4 Conn. Cir. Ct. 603, 614. "The trial court should have an opportunity, by an appropriate motion to correct, to consider the errors claimed in its finding, and thereafter its failure to act in accordance with the motion may be assigned as error." Fellenbaum v. Markowski, 4 Conn. Cir. Ct. 363, 365. Since the defendant did not make a motion to correct, the finding must stand.
The defendant's remaining assignments of error which were pursued in his brief appear to attack the trial court's conclusions on the ground that they are not supported by the subordinate facts. All assignments of error which were not briefed by the defendant are deemed abandoned. Waldron v. Raccio, 166 Conn. 608, 610; Salvatore v. Milicki,163 Conn. 275, 280.
The trial court's conclusions are tested by the finding, not by the evidence. Klahr v. Kostopoulos, 138 Conn. 653, 655. The conclusions "must stand unless . . . [they are] legally or logically inconsistent with the facts found or unless . . . [they involve] the application of some erroneous rule of law." Hutensky v. Avon,163 Conn. 433, 437; Schnier v. Ives, 162 Conn. 171,177. "Inferences and conclusions from the facts which are made logically, in reason, and in accordance with the principles of law are final and not reviewable. Trenchard v. Trenchard,141 Conn. 627, 631; Kriedel v. Krampitz, 137 Conn. 532,534; Todd v. Bradley, 99 Conn. 307, 314." Rex Marine Center, Inc. v. Newton, 32 Conn. Sup. 504, 507.
The following facts found by the trial court are pertinent: On August 13, 1971, the defendant *Page 615 
entered into a written contract with Wayne Kadar to purchase two lots for $14,000 per lot. Wayne Kadar is the president and sole stockholder of the plaintiff Kadar Development Corporation. On August 13, 1971, the lots in question had been staked out, percolation tests had been conducted, permits had been taken out, excavations had been done, and footings installed. The only additional work planned for each lot was to "bring the gas and water in."
Wayne Kadar had a conversation with the defendant on August 13 or 14, 1971, concerning the installation of foundation walls on those lots. During that conversation the defendant said that he wanted to use the plaintiff Kadar Corporation's contractor to pour the foundation walls in order to save time. As a result of that conversation, Wayne Kadar, acting for his corporation, contacted the plaintiff Mohican Corporation and arranged for the construction of the foundation walls. The defendant agreed to pay the plaintiff Kadar Corporation for the cost of the walls. When the plaintiff Kadar Corporation received the bill for the walls in September, 1971, it notified the defendant who said he would pay Mohican Corporation directly. Mohican Corporation looked to the plaintiff Kadar Corporation for payment for the foundation walls. There was no reference to the foundation walls in the written contract for the purchase of the lots and the defendant agreed that the purchase price for the lots did not reflect the cost of the foundation walls.
On those and other facts the trial court concluded that there were two separate and distinct contracts entered into by the defendant. The first was the written contract dated August 13, 1971, between Wayne Kadar and the defendant. The second was an oral contract entered into after August 13, 1971, *Page 616 
between the plaintiff Kadar Corporation and the defendant concerning the installation of and payment for foundation walls. Accordingly, the court concluded that Kadar Corporation had standing to sue on the oral contract. Since those conclusions are amply supported by the facts found and are legally and logically consistent with those facts, the court did not err in reaching them.
 There is no error.
SPEZIALE, D. SHEA, and SPONZO, Js., participated in this decision.