GUNHILD SEMPEY ET AL. *v.* FREDERICK C. LENZ, JR.,
ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.
Argued November 16, 1976—decision released January 4, 1977

*Werner A. Lohe, Jr.,* with whom, on the brief, was *John M. Boesen,* for the appellant (named plaintiff).

*Joseph J. Rinaldi,* for the appellee (plaintiff Jean Sempey).

PER CURIAM. This appeal presents an unusual and confusing situation. Edward J. Sempey was for many years employed as an officer of the Stamford police department. On June 1, 1946, he married the plaintiff Gunhild Sempey and five children were born of this marriage. On February 1, 1958, Jean Shaw married Edward Sempey and two children were born as a result of this marriage. Edward Sempey died on July 21, 1973. Gunhild Sempey brought the present action against the board of trustees of the Stamford police pension fund seeking mandamus to require the trustees to pay to her as the widow of Edward Sempey the

pension to which the widow of a policeman is entitled. The trustees thereupon filed a complaint for interpleader; Practice Book §§ 458–460; reciting that both Gunhild Sempey and Jean Sempey claimed the widow's pension and that the trustees desired to pay the pension to whichever claimant was entitled to receive it, and seeking an order from the court directing to whom payment should be made. The two claimants thereupon filed their statements of claim. Gunhild alleged her 1946 marriage to Edward Sempey, his death in 1973 and that she was his widow and entitled to the pension. Jean alleged that Gunhild and Edward Sempey were legally divorced on October 31, 1957, and she and Edward intermarried on February 1, 1958, had two children issue of this marriage and that she was the widow of Edward Sempey and entitled to the pension. By way of reply, answer and special defense, Gunhild pleaded that she and Edward were never legally divorced and that if any purported decree of divorce existed it was void and unenforceable because neither she nor Edward was domiciled in the state of the purported divorce and the courts of that state had no jurisdiction over any such purported divorce proceedings. In reply to those pleadings, Jean pleaded by way of special defense that Gunhild was guilty of laches "in that she delayed instituting any equitable action attacking the Alabama divorce decree to the prejudice of Jean Sempey."

The court rendered judgment finding the issues for Jean Sempey, ordering that the widow's pension be paid to her and relieving the city of Stamford of any responsibility for pension obligations to Gunhild. From this judgment Gunhild brought the present appeal.

Unfortunately, the trial court filed no memorandum of decision to which reference can be made to determine the basis of its decision and to interpret its finding. *Bridgeport Pipe Engineering Co.* v. *DeMatteo Construction Co.,* 159 Conn. 242, 247, 268 A.2d 391; *Kriedel* v. *Krampitz,* 137 Conn. 532, 535, 79 A.2d 181; Maltbie, Conn. App. Proc. § 152. The finding with respect to the validity of divorce proceedings instituted by Edward Sempey in Alabama is inconsistent. The court in one finding found that "[t]he Plaintiff and Edward Sempey were legally divorced by the Alabama Court on October 31, 1957." In its conclusions the court concluded that "[o]n October 31, 1957 the Circuit Court of Marion County, Alabama issued a decree of divorce purporting to dissolve the marriage of Gunhild Sempey and Edward Sempey." On the other hand, with respect to the claims of law made by the plaintiff Gunhild, the court expressly sustained her claim of law that "[t]he Circuit Court of Marion County, Alabama on October 31, 1957 had no jurisdiction over the marriage of Edward James Sempey and Gunhild Sempey and therefore the decree of divorce issued on that date was invalid."

In view of the inconsistency in the finding and our inability to reconcile it from anything in the record, it appears that a new trial is necessary. Practice Book § 627.

There is error, the judgment is set aside and a new trial is ordered.