PATSY J. CAPOZZI *v.* WILLIAM LUCIANO, JR., ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued October 13, 1977—decision released January 10, 1978

*Robert R. Petrucelli,* for the appellant (plaintiff).

*Richard K. Mulroney,* for the appellees (defendants).

LOISELLE, J. The plaintiff brought an action to recover $10,800, alleging that this sum constituted a loan to the defendants. The court found that

$10,300 was a gift and that $500 was a loan and judgment was rendered accordingly. The plaintiff has appealed.

The finding of the court is, in part, as follows: The defendant William Luciano, Jr., is the nephew of the plaintiff, Patsy J. Capozzi. For many years they had a close relationship, which the plaintiff characterized as closer than that which existed between William and his own father. In 1966, William married the defendant Joy Luciano. Over the next four years, the couple lived in Bridgeport, then Stratford, the plaintiff visiting them on occasion. Throughout this period, the plaintiff was not married and he had no children of his own.

In March, 1970, the defendants were told by their landlord that they must either move out or purchase the house in which they were tenants. Upon hearing of the defendants' situation, the plaintiff initiated a discussion concerning the defendants' purchase of a home. When William explained that he could not afford to do this, the plaintiff offered to give the defendants $10,000 both to pay off their accumulated debts and make a down payment on a home. Subsequently the plaintiff, at the defendants' request, viewed a house they had found in Seymour, and soon thereafter he gave them $10,300. No writing or memorandum marked the transaction to indicate whether the money was given as a gift or a loan. The plaintiff became a frequent visitor to the new home and, in 1970, he loaned the defendants $200 for a mortgage payment and $300 for the purchase of a car for Joy.

In December, 1971, the plaintiff met his present wife. In February of 1972, William and Joy separated, William transferring the title to their home

into Joy's name. William then moved in with the plaintiff. Upon hearing of the transfer of the home to Joy, the plaintiff demanded repayment of the $10,800. William continued to reside with the plaintiff until June, 1972, and served as best man at the plaintiff's wedding in July of the same year.

The facts found by the court adequately support the conclusions of the court that $10,300 was a gift to the defendants and $500 was loaned to them. The plaintiff has assigned error in the refusal of the court to find twenty paragraphs of his draft finding. These represent facts that he would like to have had the court find upon conflicting evidence or the addition of more detailed facts supporting his claims. Fundamentally, he seeks to have this court retry the case and this cannot be done. *Dombrowski* v. *Dombrowski,* 169 Conn. 85, 86, 362 A.2d 907; *Trenchard* v. *Trenchard,* 141 Conn. 627, 631, 109 A.2d 250; *African Methodist Episcopal Church* v. *Jenkins,* 139 Conn. 418, 423, 94 A.2d 618. The decision in this case depended in large measure upon the credibility which the court placed on the testimony of the witnesses. Despite the sweeping attack, the court's finding of fact is not subject to correction. *Johnson* v. *O'Connor,* 170 Conn. 25, 26, 365 A.2d 814; *Dombrowski* v. *Dombrowski,* supra, 86.

The plaintiff further claims that the court's conclusion that the $10,300 was given to the defendants with the donative intent that it be a gift was unreasonable in light of the facts found. Specifically, the plaintiff finds this determination to be inconsistent with the court's conclusion that the $500 constituted a loan, claiming that "in both instances, no note or written instrument was executed evidencing said payments." This factual similarity is not, however,

determinative of the issue. As the appendix to the plaintiff's own brief reveals, the defendant Joy Luciano conceded that the $500 was a loan for reasons not pertaining to the $10,300 gift. Thus, the distinction made by the court is adequately supported and no inconsistency is found.

The plaintiff's additional claim is that the court did not properly apply the law of loans and gifts inter vivos to the facts as found. "To constitute a valid gift inter vivos of personal property, there must be not only a delivery of possession of the property but also an intent on the part of the donor that title shall pass immediately." *Kukanskis* v. *Jasut,* 169 Conn. 29, 34, 362 A.2d 898; *Kriedel* v. *Krampitz,* 137 Conn. 532, 534, 79 A.2d 181. The burden of proving the essential elements of a valid gift is upon the party claiming the gift. *Kukanskis* v. *Jasut,* supra, 35; *Flynn* v. *Hinsley,* 142 Conn. 257, 262, 113 A.2d 351; *Kriedel* v. *Krampitz,* supra, 534. Although the conclusions in the finding are silent as to the allocation of the burden of proof, the memorandum of decision, in citing *Kriedel* v. *Krampitz,* supra, reveals the court's recognition that the burden falls on the party claiming the gift.

In his brief, the plaintiff further argues that the court, in its memorandum of decision, erroneously applied a lower standard of proof, that of a fair preponderance of the evidence, rather than clear and satisfactory proof, as required by such cases as *Kukanskis* v. *Jasut,* supra, 32, and *Flynn* v. *Hinsley,* supra, 262. Nowhere in the requests for finding, claims of law or assignments of error in the record is there even a hint that such a claim was ever made to the trial court or would be raised on appeal. It has been repeatedly reiterated that this

court will not consider claimed errors on the part of the trial court unless there has been compliance with § 652 of the Practice Book.[1] *State* v. *Williams,* 169 Conn. 322, 333, 363 A.2d 72; *State* v. *Evans,* 165 Conn. 61, 67, 327 A.2d 576; *Weyls* v. *Zoning Board of Appeals,* 161 Conn. 516, 521, 290 A.2d 350. Only in the most exceptional circumstances will this court consider questions of law which were not claimed as error in the record. The claimed error is not of constitutional dimension and there is nothing in the record or the briefs of either party to indicate that the plaintiff was "clearly . . . deprived of a fundamental constitutional right and a fair trial." *State* v. *Evans,* supra, 70.

There is no error.

In this opinion HOUSE, C. J., and LONGO, J., concurred.

SPEZIALE, J. (dissenting). The plaintiff has argued on appeal that the trial court erroneously applied a lower standard of proof, that of a fair preponderance of the evidence, rather than the required standard of clear and satisfactory proof. The trial court's conclusions in its finding are silent not only as to the *burden* of proof, but also as to the *standard* of proof; however, as contended by the plaintiff, the court in its memorandum of decision stated that the defendants satisfied their burden of proof by a "fair preponderance of the evidence." This was clearly error on the part of the trial court.

---

[1] "[Practice Book] Sec. 652. ERRORS CONSIDERED

This court shall not be bound to consider any errors on an appeal unless they are specifically assigned or claimed and unless it appears on the record that the question was distinctly raised at the trial and was ruled upon and decided by the court adversely to the appellant's claim, or that it arose subsequent to the trial."

The majority excuses this misapplication of the law on the ground that the claim of error was not raised at the appropriate time.

It is true that this court will not generally consider claimed errors unless there has been compliance with § 652 of the Practice Book.[1] In rare cases, however, we have considered a question not so raised, "not by reason of the appellant's right to have it determined but because, in our opinion, in the interest of the public welfare or of justice between the parties it ought to be done." *Kavanewsky* v. *Zoning Board of Appeals,* 160 Conn. 397, 401, 279 A.2d 567 (1971); *Leary* v. *Citizens & Manufacturers National Bank,* 128 Conn. 475, 479, 23 A.2d 863 (1942); *Boardman* v. *Burlingame,* 123 Conn. 646, 655, 197 A. 761 (1938). In a case such as the one before us, where the error is clear and is one which may well have been determinative, it should be considered in the interest of "justice between the parties."

The only issue in the case was whether the money in question was a gift or a loan. The only evidence presented was the conflicting testimony of the parties and their witnesses. As the majority notes, "[t]he decision in this case depended in large measure upon the credibility which the court placed on the testimony of the witnesses." The defendants had the burden of proving that a valid gift was made. *Kukanskis* v. *Jasut,* 169 Conn. 29, 35, 362 A.2d 898 (1975); *Flynn* v. *Hinsley,* 142 Conn. 257, 262, 113 A.2d 351 (1955); *Kriedel* v. *Krampitz,* 137 Conn. 532, 534, 79 A.2d 181 (1951). Thus, had the

---

[1] See footnote 1 of the majority opinion.

higher—and proper—standard of proof been applied, the plaintiffs might very well have prevailed.

The application of the wrong standard of proof, in the particular circumstances of this case, is grounds for a new trial, or at the very least, because the case was tried to the court, it should be remanded to the trial judge for a further determination of whether, upon the application of the proper standard of proof, the conclusion can stand.

In this case, the majority holding, sustaining the erroneous judgment of the trial court because of a failure to comply with Practice Book § 652, results in a substantial injustice.

In this opinion BOGDANSKI, J., concurred.

