SONECO SERVICE, INC. *v.* BELLA CONSTRUCTION COMPANY

COTTER, C. J., BOGDANSKI, LONGO, SPEZIALE and PETERS, Js.

Argued May 11—decision released June 13, 1978

*James T. Haviland II,* for the appellant (defendant).

*Edward B. O'Connell,* for the appellee (plaintiff).

PER CURIAM. The plaintiff brought this action to recover the purchase price for a quantity of bituminous concrete (asphalt) sold and delivered to the defendant. There is no dispute about the quality or the timeliness of the tender of the goods, which

were duly accepted, nor is the calculation of the purchase price at issue. It was conceded that the asphalt was supplied in conjunction with a pre-existing construction contract between the defendant and a third party for the development of a subdivision project in Groton.

The only significant issue at trial concerned the defendant's allegation that although the defendant, Bella Construction Company, had contracted to buy the asphalt, the plaintiff, Soneco Service, Inc., had agreed to look to the developer, the Sundi Corporation, for payment. Testimony in support of this allegation was disputed by Soneco Service, Inc., and discounted by the trial judge who heard the witnesses. The evaluation of conflicting oral evidence is peculiarly within the province of the trial court. *Dombrowski* v. *Dombrowski,* 169 Conn. 85, 86, 362 A.2d 907. This court does not retry issues of fact. *Ruick* v. *Twarkins,* 171 Conn. 149, 151, 367 A.2d 1380.

The defendant sought belatedly to buttress its position of immunity from liability by a claim of novation. Some months after delivery of the asphalt to the defendant, the plaintiff accepted a mortgage from the developer, Sundi Corporation, in the amount of the purchase price and "in payment for asphalt . . . supplied." There is no direct evidence that this mortgage was accompanied by a covenant to release the defendant from liability. At the trial, defense counsel agreed that there was no claim of accord and satisfaction. It was for the trial court to determine the effect to be given to this evidence. The promise by a third party to assume the duty of a prior obligor is ordinarily presumed to be in addition to, rather than in sub-

stitution for, the obligor's original duty. See Restatement (Second), Contracts § 350 (Tent. Draft No. 13, 1978).

There is no error.