[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter was commenced by an application for a prejudgment remedy dated October 9, 1996. The applicant averred that on or about May 9, 1994, she advanced the sum of $18,500 to one Michael Bernier of Bristol for the purpose of purchasing a 1994 Harley Davidson motorcycle for defendant, Michael Kozlowski. Plaintiff's affidavit further stated that she did this at the request of Mr. Kozlowski who promised to repay her that sum to her within a reasonable time and has failed to do so despite repeated demands from her.
The complaint, also dated October 9, 1996, which accompanied CT Page 1890 the application repeated these claims in the first count. The second count included an additional claim for $700 paid at the request of Mr. Kozlowski to the Department of Motor Vehicles for the purpose of registering the motorcycle in the name of the defendant, Michael Kozlowski. This count also alleged a promise on the part of defendant to repay this amount to the plaintiff, Leona Langlais, and a failure, neglect and refusal of the defendant to repay this sum despite repeated demands for payment.
The third count claims that the foregoing acts and omissions of the defendant have unjustly enriched the defendant to the plaintiff's loss and damage.
The defendant appeared by counsel and responded to all three counts. The defendant's answer denied each and every allegation of all three counts. The court conducted a hearing on January 26, 1998, at which time both parties offered testimonial evidence and various written exhibits At the conclusion of the hearing, both parties filed written memoranda.
Based on the testimonial evidence and the exhibits offered at the trial, the court makes the following findings. The plaintiff and defendant were fellow employees of an ambulance company in Cheshire, Connecticut, and worked together as a team as ambulance partners from early 1992 until December 1995. During this time, the parties and other employees, particularly Jennifer Simmons Bobok, became close friends and very supportive of each other. They enjoyed social activities after work with each other and with other fellow employees. In late 1993, the plaintiff was in the process of getting a divorce and confided in the defendant who encouraged her to pursue her rights in the marital estate. At about that time the plaintiff's father was terminally ill. During his illness and after his death, plaintiff looked to defendant for emotional support and was grateful for that support offered by defendant. When plaintiff's divorce was concluded, she received $77,000 in exchange for her interest in the marital home and was allowed to keep other cash assets amounting to approximately $58,000. At various times during the course of her employment, plaintiff made undocumented loans in small amounts to fellow employees without charging interest or demanding regular payments. She also made a substantial loan ($2,500) to Jennifer Simmons Bobok without interest but did require regular monthly installments at least initially.
On or about May 5, 1994, Michael Bernier executed a bill of CT Page 1891 sale conveying a 1994 Harley Davidson motorcycle to the defendant, Michael P. Kozlowski. (Exh. C.)
The plaintiff paid the sum of $18,500 to the seller and caused the bill of sale to be made out to defendant (Exh. 2). Shortly thereafter on June 24, 1994, the plaintiff registered the motorcycle in defendant's name (Exh. 3) expending $700 in order to satisfy registration fees and sales on the vehicle. Plaintiff was aware that the title procedure permitted her to claim a lien on the vehicle but made no such claim.
Prior to and subsequent to the purchase of the motorcycle, the parties did not enter into any oral or written agreement relative to any repayment obligation of defendant to reimburse the plaintiff for the purchase price of the cycle or the sales tax or registration fee. Plaintiff contends that she orally agreed to lend defendant these funds and that defendant orally agreed to repay her. Defendant contends that there was no such agreement. Defendant testified that when plaintiff offered to purchase a motorcycle for him he initially declined to accept her offer. Subsequently, plaintiff located a Harley Davidson motorcycle in Bristol and induced defendant to test drive the cycle and accept possession and title as a gift. The parties did exchange oral promises that in exchange for the bike defendant would give plaintiff rides on the bike and $5 (Exh. D) This exhibit, a letter from plaintiff to defendant, contains an admission of plaintiff indicative of her intent.
 "You asked me why I gave you the bike — It was something I could do for you after all you had done for me — you stood behind me even when no one else did and if it weren't for you who knows what my life would be like today."
This exhibit contains a "P.S." which indicates that plaintiff had a change of heart in September 1994, because she found fault with a romantic relationship or attachment of the defendant. Plaintiff affirmatively denies any romantic interest in defendant, but the court credits the testimony of Jennifer Simmons Bobok and the defendant to the contrary. Two other exhibits (A) and (B) corroborate plaintiff's intent in this matter. In Exhibit A, plaintiff offers to give the defendant the money to purchase a bike suggesting
"there are no stipulations and if you feel better CT Page 1892 about accepting this offer you could give me $5 to end the transaction. A bike for $5 is not a bad deal."
In Exhibit B, plaintiff writes,
 "You can do (1) of (2) things. You can register it yourself Thurs. PM. I'll give you a check-or I'll do it Friday afternoon after work-whatever you want."
Plaintiff testified that she made ongoing requests of defendant for repayment of the money she advanced for the purchase of the Harley Davidson bike. Defendant categorically denies such requests. Plaintiff's mother and son testified they were aware of plaintiff's intention to loan money to defendant and advised against it. Plaintiff's mother testified that when she inquired about the loan plaintiff responded that defendant was repaying it.
Jennifer Simmons Bobok, a fellow worker and friend of both parties, the recipient of an undocumented loan from plaintiff, testified that plaintiff told her before the bike was purchased that she wanted to buy a bike for defendant. She also testified that after the bike had been acquired the plaintiff told her that she had gotten the bike for defendant out of gratitude to him.
Prior to May of 1994, the defendant was a motorcycle enthusiast who owned a Honda motorcycle. He kept a picture of a Harley Davidson motorcycle in his locker, and his fellow employees were aware of his desire to own one, but he was financially unable to do so.
Jennifer also stated that plaintiff purchased additional Harley Davidson articles for defendant after she purchased the bike.
Exhibit E, a statutory power of attorney was executed by plaintiff on December 21, 1994. The document appointed the defendant as plaintiff's attorney, in fact giving the defendant extensive powers to act as her agent. The timing is significant. Sometime in September 1994, the plaintiff wrote to defendant (Exh. D) returning the original $5 given to her at her request when defendant took possession of the bike. In the letter, plaintiff complains about defendant's failure to keep his promise CT Page 1893 to her, about his treatment of her but ends by complimenting defendant for being exceptionally nice to her the past few weeks. Plaintiff does not mention any failure on defendant's part to repay a loan and in fact suggests she will look for a Harley Davidson store on her trip to Hawaii. The letter concludes by attributing defendant's personality change to his girlfriend, April. At the hearing, plaintiff testified that defendant subsequently gave her back the $5, which is described in defendant's Exhibit B. Plaintiff's action in December 1994 granting defendant power of attorney is hardly the action of a lender who has been repeatedly asking for repayment without success. Similarly, defendant (Exh. F.) confirms that the plaintiff and defendant were co-instructors of classes for the Watertown Park Recreation Department (June of 1995) certifying and recertifying lifeguards and conducting first aid courses and adult C.P.R. courses. The defendant was paid $1,200 for this work, yet despite the fact that the relationship between the parties had begun to deteriorate, the plaintiff made no attempt to secure these funds from defendant.
The court concludes from all these findings that plaintiff has failed to prove by a fair preponderance of the evidence that the transaction between the parties was a loan or a resulting trust. Similarly, the plaintiff has failed to prove that the transaction resulted in an unjust enrichment of the defendant and a detriment to plaintiff.
The defendant assumed the burden of proving that the transaction between the parties was a gift. The totality of evidence offered at the hearing requires the court to find that he satisfied this burden by clear and satisfactory proof. Capozziv. Luciano, 174 Conn. 170, 173 (1978).
Accordingly, judgment may enter for the defendant on all three counts.
Dorsey, J. Judge Trial Referee