08-1873-cv
Local 4-5025 v. E.I. DuPont DeNemours & Company

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2008

(Submitted: April 22, 2009                          Decided: May 1, 2009)

Docket No. 08-1873-cv

_____

UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY,
ALLIED INDUSTRIAL AND SERVICE WORKERS LOCAL 4-5025,

*Plaintiff-Appellee,*

-v.-

E. I. DuPONT DeNEMOURS & COMPANY,

*Defendant-Appellant.*

_____

Before: McLAUGHLIN, CALABRESI, and KATZMANN, *Circuit Judges.*

_____

Appeal from a decision entered in the United States District Court for the Western

District of New York (Skretny, *J.*) ordering arbitration between Plaintiff-Appellee United Steel,

Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers Local

4-5025 and Defendant-Appellant E.I. DuPont de Nemours & Company ("DuPont").  We uphold

the order on the grounds that the dispute at issue is not whether DuPont's employees are

"eligible" for benefits under the benefits plans (a dispute which might not be arbitrable), but

1

rather whether DuPont violated a collective bargaining agreement whose provisions are subject to arbitration. Accordingly, the order of arbitration is AFFIRMED.

—————————————————

Jeremiah A. Collins and Jennifer L. Hunter, Bredhoff & Kaiser, P.L.L.C., Washington, D.C., *for Plaintiff-Appellee*.

Thomas P. Gies, Kris D. Meade, and Glenn D. Grant, Crowell & Moring LLP, Washington, D.C., and James D. Donathen, Phillips Lytle LLP, Buffalo, N.Y., *for Defendant-Appellant*.

—————————————————————

PER CURIAM:

Defendant-Appellant E.I. DuPont de Nemours & Company ("DuPont") serves as the plan sponsor and administrator of benefit plans covering its current and former employees, including employees at a manufacturing facility in Niagra Falls, New York. Many of those plans, including the ones at issue in this case, are maintained pursuant to, and subject to, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. In August 2006, DuPont announced changes to several of its benefit plans. These changes altered current and future employees' eligibility under the plans, as well as the rates at which they accrued benefits. In September 2006, Plaintiff-Appellee United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers Local 4-5025 ("the Union"), which is the collective bargaining representative for the 165 production and maintenance employees at the Niagra Falls facility, filed a grievance under its collective bargaining agreement ("CBA") with DuPont, claiming that the application of the amended terms violated the CBA, which contained a clause requiring arbitration of any question relating to its interpretation or alleged violation.

DuPont refused to arbitrate the grievance, arguing that the Union's objection was effectively one about plan eligibility, and was therefore covered by the dispute resolution mechanisms laid out in the plans themselves.

The Union responded by filing a Complaint in District Court to compel arbitration. Upon cross motions for summary judgment, the United States District Court for the Western District of New York (Skretny, J.) found that the Union's grievance should be submitted to arbitration on four of the six benefits plans at issue.[1] DuPont appeals, arguing that the District Court erred in compelling arbitration. We review *de novo* the district court's decision to compel arbitration. *Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel*, 346 F.3d 360, 364 (2d Cir. 2003) (per curiam).

DuPont argues that the Union's grievance is akin to an individual plan member's claim of eligibility, and is therefore subject to the internal dispute resolution procedures of the benefit plans rather than to arbitration under the CBA. The benefit plans give the Plan Administrator (i.e., DuPont) sole authority to determine eligibility for benefits under the plans and to construe the terms of the plans. *See* [JA 168-69] ("The Company retains discretionary authority to determine eligibility for benefits hereunder and to construe the terms and conditions of the Plan. The decision of the Company shall be final with respect to any questions arising as to interpretation of this Plan."). DuPont argues that any dispute about the changes to the benefit plans must be resolved through these internal mechanism or through a civil enforcement action under ERISA.

---

[1] At first, the Union sought relief as to six different benefit plans, but later withdrew its claims with regard to two—DuPont's Medical Care Assistance Program and Dental Assistance Plan—because those plans were not referenced in the CBA.

We do not agree. The disputed issue is not whether any particular employee is eligible under the terms of the plan, but rather whether DuPont violated the CBA by unilaterally modifying these terms. Accordingly, the question is whether the Union's grievance is covered by the CBA, Article X of which contains a broadly worded arbitration provision. [JA 39] (quoting CBA, Art. X, § 1) ("Any question as to the interpretation of this Agreement, or as to any alleged violation of the terms of this Agreement, which is not otherwise settled to the mutual satisfaction of the parties hereto, at the request of either party, shall be submitted to arbitration.").

In the "Steelworker's Trilogy," the Supreme Court enunciated principles to guide courts in determining whether an employer-union dispute is subject to arbitration. *See United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574 (1960); *Steelworkers v. Am. Mfg. Co.*, 363 U.S. 564 (1960); *Steelworkers v. Enter. Wheel & Car Corp.*, 363 U.S. 593 (1960). As DuPont correctly points out, the Supreme Court first emphasized that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Warrior & Gulf*, 363 U.S. at 582. "The second rule, which follows inexorably from the first, is that the question of arbitrability—whether a collective-bargaining agreement creates a duty for the parties to arbitrate the particular grievance—is undeniably an issue for judicial determination." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986). And in reviewing whether claims are arbitrable, "a court is not to rule on the potential merits of the underlying claims . . . even if [the union's grievance] appears to the court to be frivolous." *Id*. at 649-50. A court must limit its inquiry to whether the union's claims are arbitrable, not whether they have merit. Finally, "there is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said

4

with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *Id*. at 650 (internal quotation marks and alteration omitted). This "presumption is particularly applicable" where (as in the present case) the arbitration clause is "broad." *Id*. Therefore, "'[i]n the absence of any express provision excluding a particular grievance from arbitration, . . . only the most forceful evidence of a purpose to exclude the claim from arbitration'" will suffice. *Id.* (quoting *Warrior & Gulf*, 363 U.S. at 584-85).

Considering the present dispute in light of these precedents, we hold that the Union's grievance is *not* akin to an individual's claim for eligibility under the terms of the plan, but is instead an argument that DuPont's actions violated the CBA. And where a grievance does not "implicate[] the responsibilities of the Plan's administrators," but is "directed only at the responsibility imposed . . . under the CBA," our Court has specifically recognized that arbitration, if called for by the CBA, is appropriate. *Schweizer Aircraft Corp. v. Local 1752*, 29 F.3d 83, 86 (2d Cir. 1994). Here, the grievance falls within the terms of the CBA and the broad arbitration clause contained in Article X.

In so holding, we note that other federal courts, on substantially identical facts, in parallel proceedings involving DuPont's efforts to avoid arbitration with its unions, have reached the same conclusion that we have. *See E.I. DuPont de Nemours & Co. v. Ampthill Rayon Workers*, *Inc.*, 290 F. App'x 607, 612 (4th Cir. 2008) (unpublished opinion) (upholding order of arbitration and noting that "[w]hile it is true that the result of the plans' amendments will decrease the benefits available to certain DuPont employees, [the union's] breach of contract claims are premised on the fact that such changes *violate the terms of the CBAs*. As a result, DuPont's

5

argument . . . is inapposite to the issue of what forum should determine whether the amendments violated the CBAs."); *United Steel Workers v. E.I. DuPont de Nemours & Co.*, 549 F. Supp. 2d 585, 591 (D. Del. 2008) ("DuPont inaccurately characterizes [the] grievance as a dispute concerning benefit *eligibility under the terms* of the plans, when it actually challenges DuPont's authority to *change the terms* of those plans."); *Local 943 v. E.I. DuPont de Nemours & Co.*, Nos. 07-0965, 07-1005, 2008 WL 577277, at *4 (D.N.J. Feb. 29, 2008).

Because the Union alleges that DuPont violated the CBA, not that DuPont made an improper eligibility determination, and because, as a result, the arbitration clause in Article X of the CBA covers this grievance, we AFFIRM the order of arbitration.