17-3737-cv
Goodrich Pump & Engine Control Systems, Inc. v. UAW

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand eighteen.

Present:    ROSEMARY S. POOLER,
            RICHARD C. WESLEY,
            RAYMOND J. LOHIER, JR.,
                     *Circuit Judges.*

_____

GOODRICH PUMP & ENGINE
CONTROL SYSTEMS, INC., A
DELAWARE CORPORATION,

                     *Defendant-Appellant,*

            v.                                              17-3737-cv

INTERNATIONAL UNION UNITED
AUTOMOBILE AEROSPACE &
AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA &
AMALGAMATED LOCAL 405,

                     *Plaintiffs-Appellees.*[1]

_____

Appearing for Appellant:    John W. Cerreta, Day Pitney LLP, Harford, CT.

_____

[1] The Clerk of Court is respectfully instructed to amend the caption as above.

Appearing for Appellees:        Thomas W. Meiklejohn, Livingston Adler Pulda Meiklejohn & Kelly, Hartford, CT.

Appeal from the United States District Court for the District of Connecticut (Haight, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Goodrich Pump & Engine Control Systems, Inc. ("Goodrich") appeals from the November 9, 2017 judgment of the United States District Court for the District of Connecticut (Haight, *J.*), compelling Goodrich to arbitrate its dispute with Appellees International Union, United Automobile, Aerospace & Agricultural Implement Workers of America and its Amalgamated Local 405 (collectively, "UAW"). That judgment followed a September 29, 2017 omnibus order denying Goodrich's motion to dismiss and granting UAW's cross-motion for summary judgment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review decisions to compel arbitration de novo. *See United Steel Local 4-5025 v. E.I. DuPont de Nemours & Co.*, 565 F.3d 99, 101 (2d Cir. 2009). Because the decision to grant arbitration was made via summary judgment we will affirm only if we conclude that the undisputed facts entitle UAW to judgment as a matter of law. *See Process America, Inc. v. Cynergy Holdings, LLC*, 839 F.3d 125, 133 (2d Cir. 2016).

Goodrich argues it no longer has any obligation under the collective bargaining agreement ("CBA") it entered into with UAW, because, when Goodrich sold the Hartford plant to Triumph Corporation, the parties agreed to "substitute Triumph for Goodrich as the party bound by the CBA and its arbitration provisions." Appellant's Br. at 38. The district court properly rejected this argument.

Under applicable Connecticut law, *see Lerner v. Amalgamated Clothing and Textile Workers Union*, 938 F.2d 2, 5 (2d Cir. 1991), it is well established that "[t]he promise by a third party to assume the duty of a prior obligor is ordinarily presumed to be in addition to, rather than in substitution for, the obligor's original duty." *Soneco Services, Inc. v. Bella Construction Co.*, 175 Conn. 299, 300-01 (1978); *see also Association Resources, Inc. v. Wall*, 298 Conn. 145, 189-90 (2010) (requiring a showing of intent to substitute parties or obligations rather than add to obligations); *Ryder v. Washington Mutual Bank, F.A.*, 501 F. Supp. 2d 311, 318-19 (D. Conn. 2007) (same); *Mace v. Conde Nast Publications, Inc.*, 155 Conn. 680, 688 (1967) ("'Novation'…requires proof that the one in the position of creditor…had accepted a new debtor…in the place of the" old debtor. (internal citation omitted)). Unless the obligee specifically agrees to substitute a third party for the original obligor, "the obligee retains his original right against the obligor, even though the obligor manifests an intention to substitute another obligor in his place and the other purports to assume the duty." Restatement (Second) of Contracts § 318, cmt. d (1981).

There is no evidence in the record indicating that UAW consented to substitute Triumph for Goodrich, but there is ample evidence that it did not. Goodrich points to a sworn declaration

2

from Kenneth Levine, the Senior Director of Global Retirement Strategy at Goodrich's parent company, which might, on a generous reading, be interpreted to state that all parties "understood" that Triumph was substituted for Goodrich. App'x at 288. Even if we were to give it the reading most favorable to Goodrich, however, Levine's declaration speaks only to what the parties "understood" and not whether UAW actually took any action that manifested assent to a substitution, as required by Connecticut law. Before giving this declaration, Levine himself sent a letter affirming that Goodrich's "pension plan will pay benefits in accordance with the plan provisions, including the pension multiplier, in effect at the time of the closing date of the sale…" App'x at 297. Indeed, much of the correspondence between UAW, Goodrich, and Triumph would be incomprehensible if the parties all "understood" that Goodrich no longer had any obligations under the CBA.

Goodrich also argues that its dispute with UAW about the post-sale application of the early retirement provision of the CBA is not subject to arbitration. We agree with the district court that the dispute is arbitrable.

"In deciding whether a dispute is arbitrable, we must answer two questions: (1) whether the parties agreed to arbitrate, and, if so, (2) whether the scope of that agreement encompasses the claims at issue." *Holick v. Cellular Sales of New York, LLC*, 802 F.3d 391, 394 (2d Cir. 2015) (quotation marks omitted). There is no question that the parties have agreed to arbitrate, so this case presents purely a dispute about scope. Because "a collective bargaining agreement is not an ordinary contract," *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 550 (1964), when there is an arbitration clause in a CBA, "[d]oubts [about scope] should be resolved in favor of coverage." *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 583 (1960). To conclude that a dispute is not arbitrable, a court should have "positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id.* at 582-83. So long as the arbitration clause is "broad" and not explicitly limited to certain matters, it should be read to cover every dispute that it does not explicitly exclude. *See Litton Financial Printing Division, a Division of Litton Business Systems, Inc. v. N.L.R.B.*, 501 U.S. 190, 209 (1991).

The arbitration clause in the CBA here states that the parties may commence arbitration "[i]n the event there arises…a dispute or difference of opinion between the Company and any employee or group of employees as to the meaning and interpretation, or the application of an interpretation of a particular provision or provisions" of the CBA, with certain exceptions not relevant here. App'x at 200. The CBA also provides at least one of the formulas for calculating early retirement benefits at issue here and incorporates by reference a more extensive ERISA-compliant pension plan (which includes that early retirement provision). That pension plan creates a "Benefit Design and Administration Committee" that "shall have full discretionary authority with respect to the interpretation of the Plan," including "to determine the rights and status under the Plan of Participants and other persons" and "to decide disputes arising under the Plan." App'x at 88.

Goodrich's argument that the CBA's arbitration clause is trumped entirely by the dispute resolution procedure in the incorporated pension plan is foreclosed by our prior decisions. We have previously found that arbitration clauses of similar breadth covered disputes about

3

provisions of the CBA pertaining to pension benefits. *See United Steel*, 565 F.3d at 102; *Schweizer Aircraft Corp. v. Local 1752, UAW*, 29 F.3d 83, 86 (2d Cir. 1994); *Bressette v. Int'l Talc Co.*, 527 F.2d 211, 215-16 (2d Cir. 1975). We have done so without regard to whether those provisions of the CBA were also incorporated into the pension plan, which had a separate dispute resolution process. *United Steel*, 565 F.3d at 102; *Schweizer*, 29 F.3d at 86; *Bressette*, 527 F.2d at 216. Indeed, in *Bressette*, we concluded that an incorporated pension plan that explicitly excluded pension disputes from grievance or arbitration created an ambiguity only as to whether a broad arbitration clause governed pension-related provisions of the CBA. 527 F.2d at 216. And ambiguities, such as the one that arguably exists here, are resolved in favor of arbitration.

We have considered the remainder of Goodrich's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk