17-3649
*Aretakis v. First Financial Equity Corp.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand eighteen.

Present:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> GUIDO CALABRESI,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*.

_____

JOHN ARETAKIS,

> *Plaintiff-Appellant*,

v.                                                        No. 17-3649

FIRST FINANCIAL EQUITY CORP., HILLTOP SECURITIES, INC.,

> *Defendants-Appellees*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | JOHN. A. ARETAKIS, *pro se*, Troy, NY. |
| For Defendants-Appellees: | JONATHAN D. NEERMAN Jackson Walker, LLP, Dallas, TX; David S. Richan, (*on the brief*), Baritz & Colman LLP, New York, NY. |

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant, John A. Aretakis, an attorney appearing *pro se*, appeals the October 10, 2017 order of the United States District Court for the Southern District of New York (Forrest, *J.*) granting the defendants-appellees' motion to compel arbitration. We assume the parties' familiarity with the factual background and procedural history of this case, as well as with the issues on appeal.

Before the district court, Aretakis principally argued the arbitration clause in a 2010 IRA Application signed by his now-deceased uncle, for whose estate Aretakis serves as executor, was unenforceable. He did so by challenging the validity of the contract, not the validity of the arbitration clause.

We review decisions to compel arbitration *de novo*. *See United Steel Workers Local 4-5025 v. E.I. DuPont de Nemours & Co.*, 565 F.3d 99, 101 (2d Cir. 2009) (per curiam).[1] The factual findings underlying such a decision are reviewed for clear error. *George v. LeBeau*, 455 F.3d 92, 93 (2d Cir. 2006). "Challenges to the validity of arbitration agreements . . . can be divided into two types. One type challenges specifically the validity of the agreement to arbitrate. The other challenges the contract as a whole." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444 (2006). "[U]nless [a] challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance." *Id.* at 445-46. Because Aretakis challenges the validity of the contract, and not the validity of the specific arbitration

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

provision, the district court properly compelled arbitration. When pressed at oral argument as to whether he challenged the arbitration provision below, Aretakis conceded that he had forfeited any such argument: he made only the "broader" argument related to the contract as a whole. *See United States v. Harrell*, 268 F.3d 141, 146 (2d Cir. 2001) ("An issue is reviewable on appeal only if it was pressed or passed upon below."); *United States v. Braunig,* 553 F.2d 777, 780 (2d Cir. 1977) ("[W]here a party has shifted his position on appeal and advances arguments available but not pressed below, and where that party has had ample opportunity to make the point in the trial court in a timely manner, waiver will bar raising the issue on appeal.").

On appeal, Aretakis also argues that the motion to compel below should not have been entertained due to an apparent electronic filing error. In his opposition to the motion to compel arbitration below, Aretakis did not argue that the motion was deficiently filed and should not be considered. He opposed the motion on the merits and lost. Now, he seeks to invalidate the motion. As a threshold matter, "we generally do not consider arguments not raised below." *Caiola v. Citibank, N.A.*, 295 F.3d 312, 327 (2d Cir. 2002). At oral argument, Aretakis admitted that he did not know there was a filing error until well after the motion to compel had been briefed and ruled on by the district court. In any event, Aretakis' argument is without merit. Aretakis was aware of the defendants' motion to compel arbitration: he responded to it with a substantive brief. Aretakis has admitted that he was not prejudiced in any way by the electronic filing error.

We have considered Aretakis' remaining arguments and found them without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3